Edward D. Cosselmon, Respondent, v. John Dunfee et al., Appellants.

Negligence — Practice of Asking Witnesses Questions, which Counsel Knows Cannot Be Answered, Condemned.   The practice in negligence cases of asking a witness a question which counsel must be assumed to know cannot be answered — in this case, as to whether defendants carried insurance for accident to their employees — is highly reprehensible, and where the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby it should for that reason set aside the verdict.

*Cosselmon* v. *Dunfee*, 59 App. Div. 467, affirmed.

(Argued November 19, 1902; decided November 25, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 21, 1901, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This action was brought to recover for personal injuries alleged to have been caused by the negligence of the defendants.

*Theodore E. Hancock* for appellants.

*F. D. Wright* for respondent.

*Per Curiam.*   We affirm this judgment without opinion, but feel constrained to refer to an occurrence on the trial that has become too frequent in negligence cases.

Counsel for plaintiff asked a witness for defendants this question: " Do you know whether they carry insurance for accident to their employees ? "   This question was objected to as incompetent and objection sustained.

While the learned trial judge made a proper disposition of the matter, nevertheless the propounding of the question was calculated to convey an improper impression to the jury.

The inquiry into the matter of insurance is not material and the practice of asking a question that counsel must be assumed

to know cannot be answered is highly reprehensible, and where the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby it should, for that reason, set aside the verdict.

The judgment and order should be affirmed, with costs.

Parker, Ch. J., Gray, Bartlett, Haight, Martin, Vann, and Werner, JJ., concur.

Judgment and order affirmed.