## BLUMBERG v. MARKS.

(Supreme Court, Appellate Term. May 21, 1903.)

1. CONTRACTS—CONSTRUCTION—INTEREST OF MORTGAGEE.

An agreement that "whatever interest" a first mortgagee has in property to be sold at a foreclosure sale under a second mortgage shall be transferred to the proceeds, "and that such interest, stated by" plaintiff to be $712.40, shall be first paid by the auctioneer from the proceeds, does not authorize the first mortgagee to recover more than his interest as shown by the amount due on his mortgage.

2. QUESTION FOR JURY—CONFLICTING EVIDENCE.

Where the evidence on an issue is conflicting, the issue must be submitted to the jury.

Appeal from City Court, Trial Term.

Action by Isaac Blumberg against Marcus Marks. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Ira Leo Bamberger, for appellant.

Max D. Steuer, for respondent.

FREEDMAN, P. J. The facts as shown by the testimony in this case are substantially as follows: One Levin on March 29, 1901, executed a chattel mortgage covering a number of machines to one Morris Adler. Adler in July, 1902, authorized one Bausher, a marshal, to take possession of the goods covered by said mortgage, and foreclose the mortgage by a sale of the said goods. The goods were taken under the mortgage, and advertised to be sold at public sale to the highest bidder at the warerooms of the Underwriters' Salvage Company, where they had been stored by the marshal, and the defendant was the auctioneer engaged to make the sale. The plaintiff herein, claiming to have a mortgage on the same goods dated March 28, 1901, one day prior to the Adler mortgage, made an agreement in writing with Adler, which, among other things, provided that:

"Whatever interest said Isaac Blumberg now has, or did have, if any, in said Machines, or either or any of them, shall be, and the same is hereby transferred to the proceeds to be realized upon the said public sale, and that such interest, stated by said Blumberg to be $712.40 shall be first paid by the auctioneer out of the proceeds to be realized upon said sale."

On the day of the sale a duplicate copy of this agreement was delivered to the defendant. The total amount of bids made for the property upon the sale aggregated over $712.40, after deducting charges, etc. Upon this state of facts, the plaintiff claims that the defendant is liable to him in said sum of $712.40.

The complaint alleges "that there was delivered to the defendant," who was a public auctioneer in this city, "certain chattels, upon the express agreement that defendant was to dispose of said chattels at public auction; that defendant promised to pay plaintiff $712.40 on condition that the selling price of the chattels aggregated $712.40 above commissions, and that said chattels were sold for the sum of $712.40 above charges and commissions, and that plaintiff has demanded said sum of defendant; and that defendant has refused to pay said sum to plaintiff."

Assuming that the complaint was sufficient, the judgment should be reversed for the reason that the plaintiff could not recover more than his interest in the goods sold, as evidenced by the amount due upon his chattel mortgage. The agreement provided that whatever "interest said Blumberg now has, or did have, if any," shall be "transferred to the proceeds to be realized" upon said sale, and that said "interest, stated by said Blumberg to be $712.40 shall be first paid," etc. It is clear that whatever interest Blumberg had in his prior mortgage was all that he would be entitled to recover from the proceeds of the sale. That he "stated such interest to be $712.40 did not entitle him, under the terms of the agreement, to recover that amount, unless it was

87 N.Y.S.—33

shown that his interest in said proceeds equaled that sum. To say that, if he had no interest in the mortgage claimed to be held by him, he could nevertheless recover the sum of $712.40 by merely showing that the net aggregate amount of the bids upon the mortgaged property was that amount, would be to put a construction upon the agreement not warranted either by reason or justice. It was the evident intent of the two parties holding the two mortgages to allow the sale to proceed without prospective purchasers being made aware of any conflicting claims upon the property, and thereby enable such purchasers to acquire perfect title to the property purchased, leaving the interests of the mortgagees to be determined after the proceeds realized from the sale was ascertained; the plaintiff's interest being first paid therefrom. This reasoning is that the plaintiff has proceeded upon the theory that the plaintiff's right to recover from Marks rested upon the said agreement made between plaintiff and Adler. If plaintiff relies upon an independent parol agreement made between himself and the defendant, the consideration being that the defendant should be allowed to sell the property, and thereby obtain his commissions, then it became a question of fact as to whether such agreement was made; and, the defendant having denied the making thereof, that question should have been submitted to the jury, and a direction of a verdict for the plaintiff was error.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.