(86 App. Div. 245.)

CONNOLLY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. TRIAL—CONDUCT OF COUNSEL—ARGUING ADMISSIBILITY OF INCOMPETENT EVIDENCE.

Though plaintiff's counsel, in arguing a question as to the admissibility of a certain letter, which was actually incompetent, and was in fact excluded, stated in the presence of the jury the substance of the letter, the judgment in plaintiff's favor would not be reversed; the trial court having directed the jury to disregard counsel's statement, and the verdict not being excessive, and there not being so great a weight of evidence in favor of defendant as to create a doubt as to the justice of the verdict.

Appeal from Trial Term, Kings County.

Action by Elizabeth Connolly against the Brooklyn Heights Railroad Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.

Stephen C. Baldwin, for respondent.

GOODRICH, P. J.   The plaintiff claims that she was injured while in the act of alighting from a car of the defendant's.   Her contention is that she signaled the conductor, that the car stopped, and that she commenced to get off the car, but before she had reached the ground the car started with a sudden jerk, throwing her down, breaking her ankle, and causing other injuries.   She recovered a verdict for $3,000, and from the judgment entered thereon the defendant appeals.

Upon the evidence the jury were justified in finding a verdict for the plaintiff.   They could have easily believed either the evidence of the plaintiff or that of the defendant.   I do not find any such preponderance of evidence in favor of the defendant as to justify a reversal of the judgment.

The appellant contends, however, that the conduct of the plaintiff's counsel in endeavoring to get before the jury the contents of a letter describing the circumstances of the accident, written by the plaintiff's son-in-law to the company the next day after the accident, and after, as she testified, she had related to him the circumstances under which it occurred, tended to influence a verdict in favor of the plaintiff.   The following is the record, the defendant's local claim agent being under recross-examination:

"Q. Did you have in your possession a letter from a Mr. Armour. the son-in-law of the plaintiff?   A. There was a letter sent.   Q. In regard to this case?   A. There was a letter sent to our main office, and it was referred to me, and I—   Q. Where is it?   A. Well, I turned it in when I turned the papers in at the main office.   Q. Have you got the letter?   Mr. Oeland: Yes. (Defendant's counsel produces letter.)   Mr. Baldwin: I offer this letter in evidence. (Defendant's counsel objects to a letter written by a relative.)   Mr. Baldwin: It is a letter from her son-in-law, written a day after, stating the whole facts of this case, although they now claim that this lady went from the car to the curb before she fell down.   I have the letter in answer to this, signed by Mr. Greatsinger, who refers the matter to his claim depart-

83 N.Y.S.—53

ment. I offer them both in evidence. The Court: I have some doubt about it. Mr. Baldwin: This is a letter written the very day after this accident, apprising the company of the exact nature of the accident, and we have the answer from the president to that letter. Now, as I understand their position, they are going to claim that this lady walked away from the car and fell herself after the car had gone halfway across Hancock street, and fell in the gutter, and despite that she has brought an action against this railroad company, seeking to fasten liability upon the railroad company, and that in face of the fact that I have here the letter of her son-in-law, who wrote to this company the very day after the accident, the moment that mother-in-law returned to his house, stating the nature of the claim, and corroborating exactly her present statement. (Objected to as inadmissible. Objection sustained. Exception taken. The letters referred to are marked, for identification, one and two.) The Court: All that he said which discloses the character or contents of the letter is to be excluded, and is to be disregarded by the jury."

In Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, the court, while affirming a judgment for the plaintiff in a negligence case, took occasion to reprehend the practice of counsel in attempting to introduce incompetent evidence, saying (page 508, 172 N. Y., page 494, 65 N. E.):

"Where the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby, it should for that reason set aside the verdict."

If the verdict had been excessive, which is not claimed by appellant's counsel, or if there had been so great a weight of evidence in favor of the defendant's theory of the accident as to create a doubt of the justice of the verdict, I should recommend reversal, but a careful reading of the evidence does not bring me to any such conclusion. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.