### LIPSCHUTZ v. ROSS.

(Supreme Court, Appellate Term. November 6, 1903.)

1. TRIAL—REMARKS IN PRESENCE OF JURY.

In an action for personal injuries plaintiff's counsel inquired of one of the talesmen if he was connected with a certain insurance company, and on objection to the question stated that he understood that the case was being defended by a certain insurance company. On objection by defendant's counsel that the statement made by plaintiff's counsel was prejudicial to defendant, the court overruled the objection, and stated that, assuming that an insurance company was interested, plaintiff had a right to find it out. Held, that the statements made by plaintiff's counsel and the court in the presence of the jury constituted prejudicial error.

Appeal from City Court of New York, Trial Term.

Action by Joseph Lipschutz against Henry C. Ross. Judgment for plaintiff, and from an order denying a motion for a new trial defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

F. V. Johnson, for appellant.
N. D. Stern, for respondent.

BLANCHARD, J. The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by being struck by a vehicle and horse which were owned by defendant and driven by defendant's employé. The cause came on for trial before one of the justices of the City Court. Twelve talesmen were called to act as jurors in the case, and, after taking their seats in the

jury box, and while being examined by counsel for the plaintiff for the purpose of ascertaining whether or not they were acceptable, plaintiff's counsel asked whether any of the jury were interested in the Travelers' Insurance Company of Hartford, Conn.   This was objected to, and the objection was overruled.   One of the jurymen then stated that he, as an agent of that insurance company, had sold insurance policies.   Thereupon, in the presence and hearing of the jurors statements were made by the court and counsel, and exceptions taken thereto, as follows:

"Plaintiff's Counsel:  I want to see whether any of the jury are connected with said insurance company.  It now appears that one of the jurors is an agent of this very company, and I understand that this case is being defended by the Travelers' Insurance Company.  Defendant's Counsel:  I think the statement made by the counsel to the effect that he understands there is an insurance company interested in this case is prejudicial to the interests of the defendant in this action, and I ask that the case be withdrawn from this jury, and sent to another for trial.  The Court:  I will overrule your objection, and give you an exception.  (Exception taken by defendant's counsel.) The Court:  Assuming that an insurance company is interested in this case, I think the plaintiff has a right to find that out.  (Exception taken by defendant's counsel.  The jury was then accepted and sworn.)"

We are of the opinion that the statements made by the plaintiff's counsel and the court in the presence of the jurors impaneled to try the case were prejudicial to the defendant, and constituted error, which requires a reversal of the judgment.   The following cases are all in point:   Wildrick v. Moore, 66 Hun, 630, 22 N. Y. Supp. 1119; Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494;  Manigold v. Black River Traction Company, 81 App. Div. 381, 80 N. Y. Supp. 861.

In the case of Wildrick v. Moore, supra, it was held to be ground for reversal of the judgment that evidence as to defendant's being insured against loss by injuries to an employé was improperly admitted, and that comments thereon by counsel to the jury were improper.

In Cosselmon v. Dunfee, supra, the court said:

"The inquiry into the matter of insurance is not material, and the practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible, and, when the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby, it should, for that reason, set aside the verdict."

In the recent case of Manigold v. Black River Traction Company, supra, decided by the Appellate Division, Fourth Department, Mr. Justice McLennan, writing for the entire court, at page 384, 81 App. Div., page 862, 80 N. Y. Supp., says:

"The law is well settled that it is improper to show in an action of negligence that the defendant is insured against loss in case of a recovery against it on account of its negligence.  This was expressly held in the case of Wildrick v. Moore, 66 Hun, 630 [22 N. Y. Supp. 1119].  It is not proper to inform the jury of such fact in any manner.  It is not material to any issue involved in the trial of the action, and certainly plaintiff's counsel ought not to be permitted to do indirectly what he would not be permitted to do directly."

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.