### BLUMBERG v. MARKS.

#### (Supreme Court, Appellate Term. March 11, 1904.)

1. CHATTEL MORTGAGE—INTEREST OF MORTGAGEE—EVIDENCE.

On the issue as to the amount of plaintiff's interest in the proceeds of a sale of personalty, by virtue of his mortgage on the property sold, evidence *held* to fail to show that his interest amounted to the sum claimed by him.

2. SAME—PROCEEDS OF SALE—EVIDENCE.

In an action on an agreement giving plaintiff the right to the proceeds of a sale under a mortgage foreclosure, on the issue as to the amount of the proceeds realized by the auctioneer on the sale, evidence *held* to show that $391 was realized, and not a sum over $712.40, as claimed by plaintiff.

3. SAME—RECOVERY OF PROCEEDS—DEFENSES—FAILURE TO FILE MORTGAGE—EFFECT.

In an action against an auctioneer on an agreement giving plaintiff, by virtue of his mortgage, an interest in the proceeds of a sale of personalty under a foreclosure of a second mortgage, to the amount of the mortgage debt, and requiring the auctioneer to first pay plaintiff out of the proceeds of the sale, the fact that plaintiff's mortgage was not properly recorded was not available to defendant.

4. REVERSIBLE ERROR—EVIDENCE OF DEFENDANT'S INDEMNITY.

The admission of evidence that defendant is indemnified against a recovery in the action is reversible error.

Appeal from City Court, Trial Term.

Action by Isaac Blumberg against Marcus Marks. From a judgment for plaintiff, defendant appeals. Reversed.

· Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Ira Leo Bamberger and Henry Siegrist, for appellant.
Max D. Steuer, for respondent.

FREEDMAN, P. J.   This case has been before this court on a former appeal (Appellate Term, April, 1903) 87 N. Y. Supp. 512, and the facts need not be again recited.

To enable the plaintiff to recover in this action, three things must be proven:  First, that the defendant had knowledge of the agreement made between the plaintiff and Adler respecting the sale of the goods covered by the mortgage, and that he promised and agreed to pay plaintiff, from the proceeds realized therefrom, a sum bounded by the plaintiff's interest in such mortgage, not exceeding the sum of $712.40; second, the amount of plaintiff's interest in his mortgage; and, third, the amount of the proceeds realized upon such sale.

Upon the first point there was conflicting evidence, and, the jury having found in favor of the plaintiff thereon, it may be said that plaintiff established that fact.

Upon the second point the plaintiff testified that his interest in the mortgage owned by him was the sum of $712.40, and the jury found that amount in his favor.   This statement of the plaintiff that there was still the sum of $712.40 unpaid upon his mortgage was made in answer to the direct question put to him by his counsel, and given over objection.   No other testimony was given in support thereof.   The mortgage itself was given to secure the payment of 18 promissory notes, aggregating the sum of $1,200, payable monthly.   The plaintiff did not produce any of the unpaid notes, or give any details or figures by which he arrived at the amount claimed by him to be due.   The defendant showed, in contradiction of plaintiff's testimony as to the amount due, as appears by the record, which contains a statement of the exhibits, by Exhibits 21 to 33, inclusive, payments aggregating $755, which, if true, would reduce plaintiff's interest in the mortgage considerably below his statement of $712.40.   These payments seem to have been disregarded by the jury, although as to a material portion of them the plaintiff offered no explanation.

Upon the third point the plaintiff utterly failed to show a sum was realized equal to the recovery herein.   The plaintiff's recovery is limited by his agreement with Adler to his interest in the "proceeds realized" from the sale.   The only testimony given as to the amount realized by the defendant is given by himself, and he testifies positively that he obtained as a result of the auction sales the sum of $391 only, from which should be deducted his fees for selling, amounting to $35, leaving a balance of $356; and this testimony is wholly uncontradicted. It is true, there was evidence tending to show that the amount of bids aggregated the sum of $939, and it appears that upon some of these bids the articles were struck off; but it was shown without contradiction that upon such bids nothing was realized, and the goods so struck off were returned to Adler, the mortgagee named in the mortgage under which the property was being sold.   In fact, the trial court remarked to the defendant when such evidence was being given:   "You

are only liable for what you sold. You are not liable for what was returned to Mr. Adler." So that, at most, a recovery should only have been allowed for $356.

The appellant sought to introduce testimony showing that the plaintiff's mortgage was usurious in its inception. This testimony was excluded as not admissible under the pleadings, and properly.

It is also urged that as the plaintiff's mortgage was not filed, nor was a renewal filed, in Kings county, where Levin, the mortgagor, resided at the time he executed the mortgage, the plaintiff had no interest in said mortgage, and therefore could not recover. We do not think that the neglect to so file either the mortgage or a renewal is available to this defendant. The failure to file such mortgage does not deprive the mortgagee of his interest in the mortgage. It merely makes it void as against creditors and subsequent purchasers in good faith. Lien Law, § 90 (Laws 1897, p. 536, c. 418). The plaintiff had an interest in the mortgage owned by him, and that interest had been, by the terms of the agreement with Adler, "transferred to the proceeds realized from a sale" of the mortgaged chattels; and whether or not the plaintiff had kept his mortgage so that it was proof against attacking creditors or subsequent purchasers was immaterial, so far as the defendant was concerned, as he was not one of the class mentioned.

The testimony, admitted, over objection and exception, to the effect that the defendant was indemnified against any recovery in this action, was clearly reversible error. Manigold v. Black, 81 App. Div. 381, 80 N. Y. Supp. 861; Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494.

For the reasons herein stated, the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

McCALL, J., concurs. GIEGERICH, J., concurs in result.