SOMERS v. JACOBS et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. EVIDENCE—NEGLIGENCE—INJURIES—DEFENDANTS' ACCIDENT INSURANCE—HARMLESS ERROR.

In an action for negligent injuries, a question to defendants' witness on cross-examination tending to show that defendants had accident insurance was not reversible error, where the character and extent of the injuries was the only issue.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Mary Somers against Jacob Jacobs and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Ford & Tuttle, for appellants.
P. Henry Delehanty, for respondent.

FREEDMAN, P. J. The only criticism made by the appellants herein upon the regularity of the judgment is that two questions were put by the plaintiff's attorney to a witness upon cross-examination tending to show that the defendants were insured in an accident insurance company; and they urge that the asking of such questions, although not answered by the witness (objection thereto having been sustained), constitutes reversible error, under the decisions in the cases of Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, and Manigold v. Black River T. Co., 81 App. Div. 381, 80 N. Y. Supp. 861. The defendants herein make no claim of nonliability, and offered no testimony whatever in this case tend-

ing to exonerate themselves from payment for some damages for the injuries received by the plaintiff by reason of the alleged negligence of the defendants, but merely sought to show that the injuries sustained by her were not of the character and extent claimed. The questions asked, therefore, could in no way have harmed the defendants.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs. MacLEAN, J., taking no part.