order sustaining the preliminary injunction should be reversed, and the injunction order vacated and set aside.

CERRO DE PASCO TUNNEL CO., Appellant, v. HAGGIN, Respondent. (Supreme Court, Appellate Division, First Department. February 25, 1907.) Action by the Cerro De Pasco Tunnel Company against James B. Haggin. A. S. Bacon, for appellant. C. P. Williamson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CHRISTIE, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1907.) Action by Edward Christie against the New York & Queens County Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. March 6, 1907.) In the matter of the application of the city of Buffalo to acquire lands under the waters of Buffalo river for the purpose of a public highway. No opinion. Motion for leave to appeal to the Court of Appeals granted. Questions to be certified for review to be settled by and before Mr. Presiding Justice McLennan on two days' notice.

CITY OF NEW YORK v. AMERICAN ICE CO. (Supreme Court, Appellate Division, First Department. March 15, 1907.) Action by the city of New York against the American Ice Company. No opinion. Application granted. Order signed.

CITY OF NEW YORK, Respondent, v. WAKELEE et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by the city of New York against Justus I. Wakelee and another. No opinion. Order affirmed, with $10 costs and disbursements.

In re CLARK. (Supreme Court, Appellate Division, First Department. March 8, 1907.) In the matter of Julia Clark deceased. No opinion. Motion granted, without costs. Order filed.

In re CLARKE. (Supreme Court, Appellate Division, Second Department. April 26, 1907.) In the matter of the application of Theodore L. Clarke for admission to the bar. No opinion. Application granted.

CLARK JOHNSON MEDICINE CO., Appellant, v. OLMSTED, Respondent. (Supreme Court, Appellate Division, First Department. April 19, 1907.) Action by the Clark Johnson Medicine Company against Allen S. Olmsted. C. J. McDermott, for appellant. E. Wetmore, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

In re CLEMENT, Excise Com'r. (Supreme Court, Appellate Division, Fourth Department. March 6, 1907.) In the matter of the petition of Maynard M. Clement, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 22,756, issued to Elizabeth M. Dunbar.

PER CURIAM. Appeal dismissed, without costs.

McLENNAN, P. J., and WILLIAMS, J., dissent.

In re CLEMENT. (Supreme Court, Appellate Division, First Department. March 8, 1907.) In the matter of Maynard M. Clement. No opinion. Motion denied, with $10 costs. Order filed.

CLEVELAND, Appellant, v. BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. April 26, 1907.) Action by Joseph G. Cleveland against the board of education of the city of New York. No opinion. Judgment unanimously affirmed, with costs.

COBB, Respondent, v. UNITED ENGINEERING & CONTRACTING CO., Appellant. (Supreme Court, Appellate Division. First Department. March 8, 1907.) Appeal from Trial Term, New York County. Action by Henrietta Cobb against the United Engineering & Contracting Company. From a judgment for plaintiff, and from the order denying a motion for a new trial, defendant appeals. Affirmed. A. B. Parker, for appellant. B. Slade, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

CLARKE, J. (dissenting). The plaintiff recovered a verdict of $25,000. The plaintiff was a woman. The physical disabilities for which she claimed damages were such as to especially excite the sympathies of a jury. They were a cancer of the breast, which had developed some 18 months after the accident, neurasthenia and bladder trouble. She had suffered an amputation of the breast in an attempt to eradicate the cancer. Whether or not these ills were the direct and proximate result of the defendant's negligence was the seriously litigated question upon the trial. Under such circumstances, irrelevant matter, tending to prejudice or inflame a jury, was sure to be reflected in the size of the verdict. I think the judgment should be set aside because of an improper question asked by counsel for the plaintiff in a patent attempt to get before the jury the fact that the defendant was insured. The courts have so many times admonished counsel that such questions are highly improper that in my opinion the time has come to enforce the admonitions by reversing a judgment when such questions have been asked. The bar will thus learn that a judgment is worthless if counsel refuses to heed the repeated warnings of the court. Wildrick v. Moore, 66 Hun, 630, 22 N. Y. Supp. 1119; Manigold v. Black River Traction Company, 81 App. Div. 381, 80 N. Y. Supp. 861; Hoyt v. J. E. Davis Mfg. Co., 112 App. Div. 755, 99 N. Y. Supp. 1031; Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854.