PRAGER v. GLANZER et al.

(Supreme Court, Appellate Term. June 5, 1908.)

APPEAL AND ERROR—PREJUDICIAL ERROR.

The denial of a motion to strike a witness' answer to an incompetent question, which the attorney must have known was incompetent, was error prejudicial to defendants, where the jury were not instructed to disregard it.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Prager against Abraham Glanzer and another. From a Municipal Court judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellants.

Charles H. Herbst, for respondent.

PER CURIAM. Plaintiff, a push-cart peddler, sues to recover damages for injuries caused by defendants' wagon running into him while his cart was standing at Houston street. Defendant offered no testi-

mony. The jury rendered a verdict for $150. During the trial a witness was asked:

"Q. Did you have a conversation with Mr. Glanzer with reference to this accident? A. Yes, sir. Q. What did you say to him, and he say to you? A. I told him: 'Mr. Glanzer, you know about the accident?' Mr. Glanzer answered me: 'Yes, sir; Mr. Prager, I do know about that, but still have nothing to do with that. I was insured in the Travelers' Insurance Company, and they will settle that with you.' (Motion was made to strike out and for the withdrawal of a juror. Denied. Exception.)"

The charge to the jury was silent on this subject. It was held in Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854, that counsel, in summing up, referred to the indemnity of the defendant, and committed error for which the judgment was reversed. In Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, a similar question had been asked, and the court said:

"While the learned trial judge made a proper disposition of the matter, nevertheless the propounding of the question was calculated to convey an improper impression to the jury. The inquiry into the matter of insurance is not material, and the practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible and where the trial court or Appellate Division is satisfied that the verdict of a jury has been influenced thereby it should for that reason set aside the verdict."

See, also, Cunningham v. Heidelberger, 48 Misc. Rep. 614, 95 N. Y. Supp. 554, opinion by Bischoff, J.

True, the question in this case called only for a conversation; but it is reasonable to suppose that counsel knew what the answer of his own client's son would be. The jury was not cautioned to disregard this testimony. We think the exception in this regard comes within the authorities cited, and that the judgment must be reversed, with costs to appellant to abide the event. Moreover, the identity of the Mr. Glanzer above mentioned does not appear.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.