STEINACHER v. SAYLES-ZAHN CO.

(Supreme Court, Appellate Division, First Department.   June 16, 1911.)

1. TRIAL (§ 110*)—MISCONDUCT OF COUNSEL.

The act of counsel for plaintiff, in an action for the wrongful discharge of an employé, in calling as a witness, at the close, of the evidence in rebuttal, the counsel for defendant, and in asking him whether a subpœna had been issued for a third person, referred to in counsel's opening statement as a person who would contradict plaintiff's claim, and whether the third person had been in the courtroom during the trial, and whether counsel had talked with him, is unjustifiable, as an attempt to prejudice the jury against defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 271; Dec. Dig. § 110.*]

2. APPEAL AND ERROR (§ 978*)—DISCRETION OF TRIAL COURT—RULINGS ON MISCONDUCT OF COUNSEL.

Where the trial court refused to withdraw a juror or to set aside the verdict on the ground of misconduct of counsel for the successful party, and thereby determined, in its discretion, that the verdict was not influenced by the misconduct, the court on appeal will not reverse the judgment, where it cannot say that the trial court erred.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3869; Dec. Dig. § 978.*]

Appeal from Trial Term, New York County.

Action by Philip C. Steinacher against the Sayles-Zahn Company to recover damages for breach of a written contract of employment. From a judgment for plaintiff, entered on a verdict, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Hitchings & Palliser (Hector M. Hitchings, of counsel), for appellant.

Earley & Carstarphen (Frank E. Carstarphen, of counsel), for respondent.

CLARKE, J.   A careful examination of this record has satisfied us that a question of fact was presented as to whether the admitted discharge of the plaintiff by the defendant was in good faith, for justifiable cause, and we find that the verdict is supported by the evidence. The case was submitted to the jury fully and fairly by the learned trial court, and we find no reversible error in the exceptions.

[1] One incident of the trial requires comment.   At the close of the plaintiff's evidence in rebuttal, counsel for the plaintiff put the trial counsel for the defendant upon the stand, and the following is a record of the proceedings:

"Q. It is a fact, is it not, that in your opening address to the jury on behalf of the defendant you stated that you would introduce as a witness Mr. Richard Webber, and would show by him that the things which the plaintiff claimed with respect to his connection with Webber & Co. were not so?

"Counsel for Defendant: We object to such a statement as irrelevant, incompetent, and immaterial.   (Objection sustained; exception.)

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Q: Then I will ask you: What did you state with respect to that? (Same objection, ruling, and exception.) Q. I will ask * * * if you caused a subpœna to be issued for Richard Webber? (Same objection, ruling and exception.) Q. I will ask if Mr. Richard Webber was in this courtroom day before yesterday at 3 o'clock, and if after the adjournment of the court you talked with him?

"Counsel for the Defendant: I make the same objection, and I now ask to withdraw a juror, on, the ground that counsel has violated the rules of law and evidence in asking these questions.

"The Court: The motion to withdraw a juror is denied.

"Counsel for Defendant: I except.

"The Court: And the objection to the question is sustained."

That the conduct of the counsel for the plaintiff was unjustifiable is obvious; that the objections to the questions asked were properly sustained there can be no question; that the purpose of the counsel propounding them was to create a prejudice, which he hoped to be to his advantage, is clear. The ordinary plea of excessive zeal in the heat of a hotly contested trial is here unavailing, because in many pages of his brief on appeal the offending counsel undertakes to justify his conduct. There is no justification therefor. It was reprehensible, without a shadow of excuse, and we condemn it.

In the face of repeated warnings by this court and the Court of Appeals, some trial counsel continue to imperil the interests of their clients by questions, statements, and conduct deliberately calculated and intended solely to excite unfair prejudice. In Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, the court said:

"While the learned trial justice made a proper disposition of the matter, nevertheless the propounding of the question was calculated to convey an improper impression to the jury. * * * The practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible, and, where the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby, it should, for that reason, set aside the verdict."

In Scott v. Barker, .129 App. Div. 241, 113 N. Y. Supp. 695, this court said:

"We think counsel should learn that the verdict is not the only thing to obtain in a trial in a court of justice, but that it must be obtained in an orderly and proper manner, and that, if counsel transcend just and proper bounds, the result obtained by such methods cannot stand."

[2] But the case at bar took five days to try, and the trial justice denied the motion to withdraw a juror, and also denied the motion to set aside the verdict and grant a new trial. He must, therefore, in the exercise of his discretion, have determined that the verdict reached by the jury had not been influenced by the matter complained of. We are not prepared to say that he erred, and on this ground alone reverse the judgment.

The judgment and order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.