MAMIE BENNETT, as Sole Administratrix, etc., of EDWIN H. BENNETT, Deceased, Respondent, *v.* THE TOWN OF WHEELER, Appellant.

Fourth Department, May 7, 1924.

Towns — action for death of plaintiff's intestate who was killed when his automobile ran into unlighted barrier across highway — verdict for plaintiff supported by evidence — arguments of counsel — exceptions taken to counsel's argument after jury retired raise no question of law — prejudicial conduct by counsel may be considered as question of fact — though conduct of plaintiff's counsel was improper, judgment will not be reversed under circumstances.

In an action to recover for the death of plaintiff's intestate who was killed when his automobile ran into an unlighted barrier placed across the highway by the defendant pending the repair of a culvert which had been swept away during a severe storm, the verdict in favor of the plaintiff is clearly sustained by the evidence.

The exceptions to portions of the summation of plaintiff's counsel put on the record by the defendant's counsel after the jury had retired, he having made no objection thereto during the argument nor at the close of the case, and not having asked the court to take any action or make any ruling in reference to the remarks, raise no question of law, but the Appellate Division may deal with the prejudicial conduct of counsel as a question of fact.

This case was sharply contested at the trial and while many remarks made by plaintiff's counsel were directed largely to the sympathies of the jury, the judgment will not be reversed because of such misconduct, since it appears that the

court very carefully charged the jury not to be swayed in their judgment by sympathy or prejudice, and since it further appears that the verdict in favor of the plaintiff was fully and clearly warranted by the evidence.
CLARK, J., dissents, with opinion.

APPEAL by the defendant, The Town of Wheeler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 18th day of December, 1922, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 18th day of January, 1923, denying the defendant's motion for a new trial made upon the minutes."

*James Flaherty* [*Herbert A. Heminway* of counsel], for the appellant.

*Sebring & King* [*James O. Sebring* of counsel], for the respondent.

CROUCH, J.:

Late on the night of June 24, 1922, plaintiff's intestate was killed in an automobile accident in the town of Wheeler. A severe storm several days before the accident had swept out a culvert crossing a country highway running north from the village of Avoca. Pending the repair of the culvert, the town authorities placed a barrier across the highway about 300 feet to the south. The road at that point was a dug way with a high bank rising to the east, and on the west a steep bank running down about 95 feet to the end of the creek, on which bank was a considerable growth of trees and bushes. The barrier consisted of an abandoned telephone pole, wired fast to a tree on the west side of the roadway, and swung around so that it extended at right angles from the tree across the road, with its small end on a box set in the middle of the road. From the box to the other side of the road was fastened a scantling. No light was placed on the barrier. Decedent, driving a Ford car in which were his wife and child and two boys, was on his way to the home of his mother-in-law. Between ten and eleven o'clock on a dark night the car collided with the barrier, was overturned down the westerly bank, and the driver was killed.

The evidence in the case establishes the liability of defendant beyond question. It is here sought to have the judgment reversed on several grounds, of which one only merits discussion.

The trial began on November 16, 1922. The verdict was rendered on November 28, 1922. Plaintiff swore sixteen witnesses in chief. Defendant swore forty-two, of whom at least half testified to decedent's intoxicated condition on the evening of the accident, to his drinking habits for years prior thereto, to his unsteady and unreliable qualities as a workman, to his matrimonial troubles,

and to an attempt at suicide by shooting. The attack on those lines was steady and prolonged. In rebuttal plaintiff swore thirteen witnesses. It does not take a trained psychologist to understand the mental condition of counsel on both sides when the evidence was closed. At the request of counsel for defendant, the address to the jury of plaintiff's counsel was taken and appears in the record. He modestly omitted to have his own taken. No objection was made to any statement in the address of plaintiff's counsel during delivery. None was made at its close. Nor was the court then asked to take any action or make any ruling. The court gave a fair and impartial charge in the course of which the jurors were particularly directed not to " allow your judgment to be swayed in any way by any sympathy or by any prejudice or by any passion one way or the other. You have nothing to do with the wealth or poverty of this plaintiff, nor have you anything to do with the population, wealth or poverty of the people in the town of Wheeler." After the jury had retired, defendant put on the record various exceptions to portions of the address of plaintiff's counsel. On those exceptions a reversal is now asked. The exceptions then taken raise no question of law. (*Cattano* v. *Metropolitan St. Ry. Co.*, 173 N. Y. 565; *Dimon* v. *N. Y. C. & H. R. R. R. Co.*, Id. 356.) But this court may deal with prejudicial conduct of counsel as a question of fact. (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.*, 207 App. Div. 787.) In the last case cited we admonished the bar that when counsel in a close case resort to improper practices to win a verdict, they imperil the very verdict which they thus seek. The address in question here contained, we think, various passages directed largely to the sympathies of the jury, passing beyond the wide limits permitted to counsel under such circumstances. One may infer from the face of the summing up itself, as well as from the remarks of the court and from the atmosphere of the trial, that there was provocation. But provocation may not justify or excuse misconduct. If the case was close, if there was any doubt whatever on the merits, if there was anything to indicate that the verdict was due to sympathy, prejudice or passion, a reversal would be necessary. On the contrary, the evidence fully and clearly warranted the verdict. The court, although not requested so to do, carefully warned the jury against any play to their emotions. The jury was out five hours, and evidently dealt with the case rationally and not otherwise. There is no reason, aside from making an example *in terrorem*, to reverse the judgment.

The judgment should be affirmed.

All concur, except CLARK, J., who dissents in an opinion.

CLARK, J. (dissenting):

I dissent and vote for reversal and a new trial, on the ground that the persistent indulgence of plaintiff's counsel in inflammatory and intemperate remarks in his summary to the jury tended to create such a prejudice against the defendant as to require a new trial in the interests of justice.

Such remarks were not justified by any language claimed to have been used by defendant's counsel and not shown by the record. We cannot assume that this inflammatory language did not affect the jury. It was calculated to prejudice them against a municipal corporation and in favor of a widow with small children, and that is the single and sufficient reason for granting a new trial. (*Halpern* v. *Nassau Electric R. R. Co.*, 16 App. Div. 90; *Bagully* v. *Morning Journal Assn.*, 38 id. 522; *Baird* v. *Douglass*, 199 id. 818; *Strickland* v. *N. Y. C. & H. R. R. Co.*, 88 id. 371; *Hoffman* v. *New York Rys. Co.*, 84 Misc. Rep. 637; *Weisman* v. *Baer & Hoffman, Inc.*, 121 id. 790.)

It is sufficient that objection be called to the attention of the judge and exceptions taken to the ruling without interrupting the argument. (38 Cyc. 1508.)

Judgment and order affirmed, with costs.