JENNIE FREEMAN, Plaintiff, *v.* J. ARTHUR ZIRGER, Defendant.

City Court of New York, May 23, 1925.

Trial — new trial — motion to set aside verdict of jury in action for damages arising from loss of plaintiff's hair by reason of application of certain dyes or colorings to scalp — jury returned verdict in defendant's favor after vituperative summation of defendant's counsel — failure of plaintiff's counsel to object to summation and to move for mistrial before case· was submitted to jury bars application — court without power to disturb verdict of jury.

A verdict of a jury in defendant's favor, in an action for damages arising from the loss of plaintiff's hair by reason of the application by defendant of certain dyes or colorings to plaintiff's scalp, returned after seven minutes of deliberation following a vituperative summation of defendant's counsel, without the pale of the evidence and such as to arouse the passion and bias of the jury, will not be disturbed, where plaintiff's counsel neither objected to said summation nor moved for a mistrial before the case was submitted to the jury, since the court is without power to disturb the jury's findings in the absence of timely objections or the application for the withdrawal of a juror.

MOTION to set aside verdict of a jury and for a new trial upon the judge's minutes under section 549 of the Civil Practice Act.

*Mortimer W. Solomon,* for the plaintiff.

*O'Brien, Malevinsky & Driscoll,* for the defendant.

FINELITE, J.:

This action was tried before the court and a jury and resulted in a verdict in favor of the defendant. The plaintiff immediately moved to set the verdict aside and for a new trial on all the grounds mentioned in section 549 of the Civil Practice Act, which motion the court entertained. The action was brought to recover damages for the loss of the plaintiff's hair because of certain dyes or colorings which the defendant applied to the scalp of the plaintiff. It appears from the facts that the defendant is the proprietor of the Woodmere Hair Dressing Parlor, located at No. 3464 Broadway, in the city of New York; that he held out to the public that he was an expert in hair dressing in all its branches, such as coloring, removing, washing and attending the scalp, and that he was the manufacturer and distributor of a liquid or other substance or compound used in the washing, dyeing, waving and combing of women's hair and giving the scalp treatment, which was used by him in the said business; that on the 28th day of April, 1923, the plaintiff employed the defendant at his place of business for a consideration for the purpose of having her hair washed and then made a shade darker than the natural light blond color then possessed by plaintiff, and

the defendant agreed, upon the payment of the consideration charged therefor, to wash and dye the hair of said plaintiff to the shade and color as requested; that the defendant placed upon the head and scalp and in the hair of the plaintiff a substance manufactured by said defendant, which caused plaintiff's hair to turn black and caused plaintiff's scalp to become raw and sore, which caused her pain, and her hair turned greenish, and further caused the plaintiff the loss of a quantity of her hair and to partly become bald. The plaintiff claims the defendant did not use proper care and skill in endeavoring to bring about this shade and color of the plaintiff's hair, as he agreed to do, but used this liquid or · compound, which was poisonous and of a hair-destroying character. Thereupon the plaintiff became ill and suffered great humiliation among her friends and family. The defendant, on the other hand, denied these facts, with the exception that he admits he did carry on a beauty parlor at the premises aforesaid and that he did for a consideration dye women's hair different shades as they might request. The defendant claims it was no fault of the ingredients that were used by the defendant in washing said plaintiff's hair which caused her hair to fall out or become discolored or the loss thereof. There was a question of fact which was for the jury to pass upon, and which resulted in a verdict for the defendant. The plaintiff claims this result of the trial of the action was the summation of defendant's counsel, who, instead of adhering to the facts as testified to by the witnesses, resorted to vituperations, insulting remarks concerning the plaintiff, her husband and her witnesses, and the plaintiff now moves to set the said verdict aside on the ground that the jury were carried away by the summation of defendant's counsel, and that they became somewhat biased and prejudiced against the plaintiff, which resulted in the verdict as found. Plaintiff's counsel claims the plaintiff was charged in the summation of counsel for the defendant with being a crook, a fraud, a perjurer, and also that he exaggerated her age, to wit, he said she was sixty years old, whereas she testified she was but thirty-nine, and the witnesses on behalf of the plaintiff were accused and vilified most unjustly, which was not borne out by the slightest testimony being adduced to support counsel's summation, and plaintiff's counsel claims it was these shocking utterances which aroused the jury to exercise bias and prejudice against the plaintiff. The plaintiff had been a frequent customer of the defendant and she had on quite a number of occasions had her hair treated by him, such as washing, and at no time did he do any harm to her hair, but upon the occasion in question there

were ingredients used and applied to the plaintiff's head which caused her hair to fall out, first becoming discolored, different shades of hair in various parts of her head, such as yellow, green and black. Plaintiff claims that she suffered humiliation, and when she called the attention of the defendant to the condition of her head he again applied some deleterious mixture or compound which resulted in the falling out of the hair. The plaintiff claims the defendant was unable to explain from the ingredients that were used by him upon the head of the plaintiff what caused the condition of her hair after he treated the same. As this was a question of fact the court cannot disturb a verdict founded upon fact unless it can be shown that the summation aroused the passion, the bias and prejudice of the jury by the language that was used by the defendant's counsel by charging the witnesses with being perjurers, crooks, gangsters, liars and police detectives, whereupon the jury, upon hearing such language, and hearing the plaintiff charged with all the crimes of the Penal Law, left the jury box and returned within seven minutes with a verdict as found. The unfortunate feature of this verdict was caused by plaintiff's counsel in not addressing the court and requesting that defendant's counsel should cease his vituperations against the plaintiff and adhere to the evidence in the case or requesting that a juror be withdrawn and a new trial be ordered. In failing to invoke the law as stated the court is in no position to set the same aside, although feeling that injustice has been done to the plaintiff, who is a highly respectable woman, and who was an innocent party to this whole transaction, and paid the consideration as demanded by the defendant for the treatment as requested and suffered the humiliation because of the loss of her hair, its discoloration, and who deserves a great deal of credit as to her testimony given on the trial, which the jury should have taken into consideration in their deliberation before they rendered their verdict in favor of the defendant within seven minutes. The question has arisen in the mind of plaintiff's attorney that the court had the power without objection made by him to admonish the defendant's counsel and instruct him that if he continued in his vituperations against the plaintiff that the court would withdraw a juror. The court has no such power. (*Bennett* v. *Town of Wheeler,* 209 App. Div. 283; *Cherry Creek Nat. Bank* v. *Fid. & Cas. Co.,* 207 id. 787; *Weisman* v. *Baer & Hoffman,* 121 Misc. 790.) Nor has the court the power to grant a new trial for the improper remarks of counsel, for the reason that the plaintiff's attorney failed to move for a mistrial before the case was submitted to the jury upon the ground that such remarks were prejudicial to the plaintiff, but, on the

contrary, allowed the case to go to the jury without asking for the withdrawal of a juror, and the jury thereupon were allowed to deliberate upon the facts in the case. (*Heywood* v. *Doherty*, 129 N. Y. Supp. 507.) The rule allowing counsel when addressing the jury the widest latitude in discussing the evidence and presenting the client's theories falls far short of authorizing the statement by counsel of matter not in evidence, or indulging in arguments founded on no proof, or demanding verdicts for purposes other than the just settlement of the matters at issue between litigants or appealing to prejudice or passion. The rule confining counsel to legitimate argument is not based on etiquette, but on justice. Its violation is not merely an overstepping of the bounds of propriety, but a violation of a party's rights. The jurors must determine the issue upon the evidence. Counsel's address should help them to do this, not tend to lead them astray. (*Cattano* v. *Metropolitan St. R. Co.*, 173 N. Y. 565.) The law is so insistent that misleading prejudicial matter shall not be allowed to enter jurors' minds that under certain circumstances the asking of an incompetent question for an ulterior purpose, even though the question be not answered, will justify the setting aside of a verdict. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.) Breaches of the rule limiting counsel to a discussion of the evidence have become all too frequent of late. It is time that the bar should realize that when counsel in a close case resort to such practices to win a verdict they imperil the very verdict which they thus seek. (*Graham* v. *Graham*, 142 App. Div. 131; *National Supply Co.* v. *Jebb*, Id. 256; *Harris* v. *Eakins*, 201 id. 257; *Loughlin* v. *Brassil*, 187 N. Y. 128; *Simpson* v. *Foundation Co.*, 201 id. 479; *Dimon* v. *N. Y. C. & H. R. R. R. Co.*, 173 id. 356; *Cox* v. *Continental Ins. Co.*, 119 App. Div. 682; *Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96; *Cherry Creek Nat. Bank* v. *Fid. & Cas. Co.*, 207 App. Div. 787, 790; *Bennett* v. *Town of Wheeler*, 209 id. 283, 285.) In the last case cited CLARK, J., in dissenting against upholding the verdict as found by the jury, stated that he dissents and votes for a reversal and a new trial on the ground that the persistent indulgence of plaintiff's counsel in inflammatory and intemperate remarks in his summary to the jury tended to create such a prejudice against the defendant as to require a new trial in the interests of justice. Such remarks were not justified by any language claimed to have been used by defendant's counsel and not shown by the record. We cannot assume that the intemperate language did not affect the jury. This calculated to prejudice them against the defendant, and that is the single and sufficient reason for granting a new trial. (*Halpern* v. *Nassau Elec. R. R. Co.*, 16 App. Div. 90; *Bagully* v.

*Morning Journal Assn.*, 38 id. 522; *Baird* v. *Douglass*, 199 id. 818; *Strickland* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 367, 371; *Hoffman* v. *N. Y. Rys. Co.*, 84 Misc. 637; *Weisman* v. *Baer & Hoffman*, 121 id. 790.) Although the counsel for the plaintiff failed to call the court's attention to the remarks of counsel in charging the plaintiff as herein above quoted without asking the withdrawal of a juror and for a new trial, the judge not having the power with which to grant a new trial for that reason, the appellate tribunal may in its discretion after examining the record grant a new trial. It follows that as the court has no power to disturb the jury's findings by reason of the failure of counsel to object timely, or to ask for the withdrawal of a juror and ask for a new trial, the verdict at this late hour cannot be disturbed.