R. & R. CANDY CO., INC., Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, April 30, 1926.

**Municipal corporations — action against city of New York for damages caused by break in water main — question whether city had knowledge sufficient to put it on inquiry was raised by testimony as to condition of street — evidence — error to refuse to permit defendant to ask principal witness for plaintiff whether or not he had sued city for same cause — testimony went to credibility — prejudicial error to admit evidence of break in same main about two months earlier and some distance from break in question — error not cured by striking out testimony.**

In an action against the city of New York to recover damages alleged to have been caused the plaintiff's property by a break in a water main, the question as to whether or not the city had knowledge sufficient to put it upon inquiry was raised by testimony which tended to show that the pavement above the main in question had for some time been depressed in places, that water appeared in the depressions, and that the street surface on that side of the street was wet while at the same time the surface of the street on the opposite side was dry.

It was error for the court to refuse to permit the defendant on cross-examination to ask plaintiff's principal witness who was engaged in business near the plaintiff's place of business whether or not he had not sued the city, for the

testimony was competent on the credibility of the witness and was admissible for the purpose of showing that possibly he was prejudiced against the defendant. It was prejudicial error for the court to admit evidence of a break in the same main about two months before the break in question and some distance from that break, for the evidence would tend to influence the jury, and the fact that the court subsequently struck out the evidence did not cure the error.

Appeal by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of November, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of November, 1924, denying defendant's motion to set aside the verdict and to dismiss the complaint.

*George P. Nicholson, Corporation Counsel* [*Elliot S. Benedict* of counsel; *John F. O'Brien* with him on the brief], for the appellant.

*Baker & Obermeier* [*Eugene L. Bundy* of counsel; *Jerome F. Katz* with him on the brief], for the respondent.

Merrell, J. The plaintiff corporation operates a wholesale candy store at 685 East Tremont avenue, in the borough of The Bronx. On the early morning of March 17, 1921, by reason of a break in the twelve-inch water main maintained by the defendant on East Tremont avenue running along beneath the pavement in front of the plaintiff's establishment, the basement of the store where the plaintiff was carrying on business was flooded and a quantity of candies, cocoa, ice cream cones and other material became water-soaked so as to be rendered worthless, and resulted in damage to the plaintiff, for which it brought the present action to recover. It is the claim of the plaintiff that the defendant was negligent in failing to exercise proper inspection and to maintain the water main in a reasonably safe condition. The plaintiff also claimed that the evidence showed that the defendant had notice, either actual or constructive, of the defective condition of its water main, and that the defendant neglected to repair the same before the break occurred, resulting in damage to the plaintiff. It is claimed by the plaintiff that certain depressions in the pavement in front of the plaintiff's establishment and in that vicinity and the presence of puddles of water on the roadway in said depressions and the wetness of the pavement on that side of the street was such as to indicate to the defendant that there was a leak in its water main and to call upon the defendant to repair the same. Evidence was given on the part of the plaintiff to the effect that for several weeks prior to the breaking of the main there were depressions in the pavement which became filled with water; that

First Department, April, 1926:                    [Vol. 216

the pavement on the side of the street where plaintiff's place of business was located became and remained wet, while the opposite side of the street was dry, and other indications that there was a leak in the water main at that point. The president of the plaintiff, his wife, his next-door neighbor, and still another witness testified to such indications of a leak during several weeks prior to the break. The defendant swore as witnesses several patrolmen of the police who passed by the premises during the time when the plaintiff claimed the indications of a leak existed, and each testified that he had never seen any such indications. The defendant's employee Lenihan, the foreman of the water department at the time when the break occurred, testified as to the effect of a leak in a pipe, that the water usually flowed along the pipe and that it sometimes seeped upward; that as a general rule it came to the top, and that if, when inspecting for his department, he found half of a street moist and the other half dry, such condition would call for an investigation to look for a leak. We think the testimony presented a question of fact as to the existence of wetness and depressions in the street prior to the break, as claimed by the witnesses for the plaintiff, and that if the conditions to which they testified existed, they were sufficient to put the defendant on inquiry as to their cause, and that the jury might well have found the defendant negligent in failing to make that investigation that the circumstances demanded.

We are, however, of the opinion that, because of errors occurring upon the trial, the judgment appealed from must be reversed and a new trial granted. One of the plaintiff's main witnesses was Daniel J. Lippmann, a tobacco leaf dealer and manufacturer of cigars, whose place of business was on East Tremont avenue next adjacent to plaintiff's place of business on the east. Lippmann testified that he used to go to his place of business between seven and eight o'clock in the morning, and that he noticed early in February that the north side of the street would be wet and the other side would be perfectly dry; that he had seen that there were depressions in some parts of the pavement between 681 East Tremont avenue as far down as the corner of Crotona avenue, and that in these depressions there was dampness and water; that he first noticed these conditions in the early part of February and in March; that at first he paid no attention to it, but on one occasion he spoke to a policeman about it, saying to him: " Look how this part is wet and the other part is dry; " that the day was dry when he called the officer's attention to it, and it was not raining; that he made no complaint, but merely spoke to the officer, who was standing in front of his place of business. Lippmann

further testified that he was present at his place of business on the 17th of March, 1921, after the main had broken and the excavation to repair it had been made. He described the broken pipe as about twelve inches in diameter, and that the piece of pipe taken out was about thirty-six inches in length. He testified that he also had about eighteen inches of water in his cellar as a result of the break. It will thus be seen that Lippmann was a most important witness in behalf of the plaintiff. On cross-examination he was asked: " Q. You sued the City also, did you not? Mr. Schloss [counsel for plaintiff]: I object to that as incompetent, irrelevant and immaterial. The Court: Objection sustained. Mr. Broderick: Exception." We think the court improperly sustained the objection of counsel for the plaintiff to such question, and that the inquiry was entirely relevant and competent to show the interest of the witness Lippmann and as affecting his credibility. The plaintiff tries to minimize the importance of this exception by stating in its brief that the inquiry was not in proper form, and that counsel for the defendant knew at that time there was no suit pending in behalf of Lippmann against the city, but that said suit had come to trial and the complaint had been dismissed at Trial Term and that the plaintiff Lippmann had not appealed therefrom. I do not think the contention of the respondent in this respect reaches the real point of the defendant's exception. The question was asked of the witness Lippmann in an effort to show that he was in some way prejudiced against the defendant, and that such prejudice affected the credibility of his testimony. It does not seem to me to matter whether or not he had a suit pending, or whether his suit had been dismissed. He would be quite as apt to have a prejudice against the city as the result of the dismissal of his cause of action as he would were his claim actually pending and undetermined.

Evidence was also given of a break in the same main, which occurred in January, 1921, some distance away from the break in front of the plaintiff's premises. Subsequently this testimony was stricken out by the trial court because of plaintiff's failure to show that the method of construction adopted by the city of the laying of the water pipes was defective. There was no attempt on the part of the plaintiff to show that the break in January was from the same or a similar cause as that from which the plaintiff's damage resulted. We think the evidence as to the January break was improperly received, and, although later stricken out by the trial court, was, nevertheless, prejudicial to the defendant. The testimony as to the prior break in the same main would undoubtedly influence the jury, and we are unable to say that the error was

cured by the subsequent striking out of the incompetent testimony. In *Cherry Creek National Bank* v. *Fidelity & Casualty Co.* (207 App. Div. 787, 791) the Appellate Division, Fourth Department, said: " The law is so insistent that misleading prejudicial matter shall not be allowed to enter jurors' minds that under certain circumstances the asking of an incompetent question for an ulterior purpose, even though the question be not answered, will justify the setting aside of a verdict. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.) "

We are of the opinion that because of the errors mentioned, which we regard as highly prejudicial to the rights of the appellant, the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.