FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA, as Trustee, etc., Respondent, v. SARANAC RIVER POWER CORPORATION and Others, Respondents. RUSSEL S. JOHNSON, Intervenor, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

WILFORD E. JOHNSON, Respondent, v. PAGE-MORRIS, INC., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

GORDON L. SUMMERS, Appellant, v. CARL WINTERS, SR., and CARL WINTERS, JR., Respondents.*— Judgment affirmed, with costs. Rhodes, Crapser and Bliss. JJ., concur; Hill, P. J., and Heffernan, J., dissent and vote to reverse and for a new trial on the following grounds: Prejudicial errors in receiving hearsay evidence of plaintiff's intoxication. Witness Barber denied, on defendants' cross-examination that he had said plaintiff was intoxicated. This subject was not touched on Barber's examination in chief. Four of defendants' witnesses said that Barber had made such statements. This was offered and received as bearing upon Barber's credibility. Credibility of a witness is a collateral issue, and defendants were bound by the answers (People ex rel. Phelps v. Oyer & Term. of Co. of N. Y., 83 N. Y. 436; Smith v. Lehigh Valley R. R. Co., 177 id. 379; Potter v. Browne, 197 id. 288); and counsel improperly asked as to the arrest for intoxication of plaintiff's companion who was neither party nor witness. (Cosselmon v. Dunfee, 172 N. Y. 507.)

In the Matter of the Election of Directors of SAFETY CO-OPERATIVE FIRE INSURANCE COMPANY OF AMSTERDAM, NEW YORK.— Order reversed, on the law and facts, with costs on this appeal and at Special Term to the petitioner, and new election is ordered to be held at two o'clock in the afternoon, at the office of the corporation at Amsterdam, N. Y., to be called forthwith and to be on a day to be selected by the persons who were respectively president and secretary of the corporation prior to the January, 1933, meeting; notice of the meeting, as prescribed in section 22 of the General Corporation Law, shall be given. At such election none of the proxies secured or dated prior to this order are to be recognized, and any member of the corporation who desires is permitted to participate in such election. Until the new election the officers in office on the 10th day of January, 1933, shall continue to function and act. Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and Bliss, JJ., concur except as to that portion directing that proxies dated or secured prior to this order may not be used.

MARGARET E. DUNN, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment, in so far as it allows recovery on the $800 policy, set forth in the fourth cause of action, reversed, on the law, and such cause of action dismissed, with costs to the respondent against the appellant, on the ground that there was no evidence of a visible wound or contusion; in all other respects the judgment and order are affirmed. Hill, P. J., Rhodes and Crapser, JJ., concur; Bliss, J., concurs in the reversal as to the recovery on the $800 policy, set forth in the fourth paragraph of the complaint, and votes to reverse and dismiss as to the recoveries had in the other four causes of action.

* Affd., 263 N. Y. 658.