SOLOMON POSNICK, Appellant, *v.* H. S. & S. O. CRYSTAL, Respondent, Impleaded with BENJAMIN SCHWARTZ, Defendant.

First Department, February 1, 1918.

**Master and servant — negligence — action by carpenter against his employer, a contractor, and the owner — reversible error — evidence that plaintiff's employer was insured under Workmen's Compensation Law.**

In an action by a carpenter against his employer, a contractor, and the owner of the buildings in course of construction, for personal injuries alleged to have been sustained by being struck by a scantling thrown out of an upper window by an employee of the owner, the action having been discontinued as to the contractor, it was reversible error to allow the defendant over plaintiff's objection to introduce evidence that plaintiff's employer was insured under the Workmen's Compensation Law, where it was not followed by proof that plaintiff had applied for or received compensation.

APPEAL by the plaintiff, Solomon Posnick, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 13th day of June, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of June, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Herman J. Rubenstein,* for the appellant.

*Frederick W. Catlin* of counsel [*Robert H. Woody,* attorney], for the respondent.

Shearn, J.:

The plaintiff appeals from a judgment entered upon the verdict of a jury in an action brought to recover damages for personal injuries sustained as a result of the negligence of the defendants. The respondent was the owner of buildings in the course of erection and the plaintiff was a carpenter on the job, who was in the employment of the defendant Schwartz, a contractor for the carpenter work. Upon the trial the action was discontinued as to the defendant Schwartz but proceeded against the owner. It was fairly established that the plaintiff was injured while passing through the courtyard or space between the two buildings under construction by being struck by a scantling thrown out of an upper window by an employee of the respondent engaged in cleaning the premises. There was some evidence which might have warranted the jury in finding the plaintiff guilty of contributory negligence, and, on account of the ignorance of some of the witnesses called by the plaintiff, certain aspects of the case were left in some confusion. On the whole, the merits so preponderated in favor of the plaintiff that the error in the admission of evidence about to be referred to can but be regarded as prejudicial.

The respondent, over plaintiff's objection, insisted on introducing evidence that plaintiff's employer Schwartz was insured under the Workmen's Compensation Law. Plaintiff was not proceeding against his employer but was suing a third party as he had a right to do without resorting to the act. The only possible relevancy of any inquiries concerning compensation under the act would be to show that plaintiff had received compensation. Respondent's counsel omitted to ask the plaintiff any questions on this head while plaintiff was on the stand, but introduced evidence of the insurance of plaintiff's employer as a part of defendant's case, leading the court to believe that it was to be followed up by proof that plaintiff had applied for or received compensation. It was not so followed up and no attempt was made to show any such fact. The only possible purpose of introducing this evidence under the circumstances was to achieve the natural result of leading the jury to suspect or infer that plaintiff had been or could be compensated by merely making application under the

Workmen's Compensation Law and, therefore, his case should not be seriously regarded. This was distinctly harmful and may well have accounted for the verdict.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Clarke, P. J., Laughlin, Scott and Page, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.