MICHAEL P. REGAN, Appellant, *v.* FRONTIER ELEVATOR AND MILL COMPANY, Respondent.

Fourth Department, November 26, 1924.

Negligence — action to recover for injuries suffered by plaintiff, stevedore, while unloading vessel at defendant's warehouse — plaintiff was not in defendant's employ — judgment may be reversed though exception not taken to erroneous admission of evidence or statement by counsel of extraneous prejudicial fact — evidence and statement by defendant's counsel bringing out fact that plaintiff was entitled to compensation under Workmen's Compensation Law is ground for reversal though no exception taken.

The asking of an improper question for an ulterior purpose or the statement to the jury by counsel of an extraneous prejudicial fact or argument may constitute such error of fact as to justify the trial court or the Appellate Division in setting aside the verdict of the jury in the interest of justice, though no exception is saved to the admission of the erroneous evidence or to the statement or argument of counsel.

Accordingly, in an action to recover damages for injuries suffered by the plaintiff, a stevedore, while he was unloading a vessel at defendant's warehouse, in which it appeared that the plaintiff was not in the employ of the defendant, a judgment in favor of the plaintiff will be reversed on the ground that the verdict is inadequate for the injuries proven, where it appears that during the trial the defendant's attorney asked a witness if the company for which the plaintiff was working would not have to pay compensation in case the plaintiff did not recover from the defendant, and in his summation again referred to the fact that the plaintiff was entitled to draw compensation under the Workmen's Compensation Law.

The judgment will be reversed in the interests of justice, notwithstanding that on neither occasion was a ruling made to which an exception was saved.

APPEAL by the plaintiff, Michael P. Regan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 9th day of September, 1924, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 13th day of March, 1924, denying the plaintiff's motion for a new trial made upon the minutes.

*Hamilton Ward,* for the appellant.

*Harold J. Adams,* for the respondent.

PER CURIAM:

The plaintiff has obtained a verdict for $2,000 against the defendant based on defendant's negligence. At the time of the accident on November 16, 1921, the plaintiff was engaged as a stevedore or scooper in unloading a vessel at the defendant's warehouse. He was not in the defendant's employ. A motion by the plaintiff for a new trial on the ground that the verdict was inadequate was denied and the appeal is from the order of denial and from the judgment.

If the testimony of the plaintiff and his physicians is to be believed, fair compensation would greatly exceed the amount of the verdict. Such a verdict as the jury found can only be justified upon the evidence by a failure to accept to a considerable extent the plaintiff's account of his physical condition following the accident and his inability to work. It was essential under such circumstances that the questions of credibility as well as of negligence and contributory negligence should be considered by a jury with minds free from irrelevant, prejudicial matter.

The possible right of the plaintiff against his employer under the Workmen's Compensation Law was wholly irrelevant to the issues referred to yet the record shows that defendant's counsel asked one of plaintiff's witnesses the following question: " When these men are injured, if they don't sue and get the money out of the elevator, your company has to pay compensation, doesn't it? " And in the address of defendant's counsel to the jury he said: " It can't be said nowadays that this is his last day in court. Of course this man can draw his compensation from his employer or their insurance carrier  *  *  *." It is true that on neither occasion was a ruling made to which an exception was taken. No question of law is presented by the record in this respect. But the very asking of an improper question for an ulterior purpose or the statement to the jury of extraneous prejudicial fact or argument may constitute such error of fact as to justify the trial court or Appellate Division in setting aside the verdict in the interests of justice. (*Cosselmon* v. *Dunfee,* 172 N. Y. 507; *Cattano*

v. *Metropolitan Street R. Co.*, 173 id. 565.) Such insistence by defendant's counsel on the plaintiff's right under the Workmen's Compensation Law as occurred in this case might well influence the jury toward the erroneous view that the plaintiff's loss should find compensation in part at least from his employer under the provisions of that statute. (*Posnick* v. *Crystal*, 181 App. Div. 660.) The situation is analogous to that which arises when reference is made on behalf of plaintiff to defendant's protection by insurance. The courts have long and consistently condemned such practice in vigorous terms. (*Rodzborski* v. *American Sugar Refining Co.*, 210 N. Y. 262; *Akin* v. *Lee*, 206 id. 20; *Simpson* v. *Foundation Co.*, 201 id. 479, 490; *Cosselmon* v. *Dunfee, supra; Loughlin* v. *Brassil*, 187 N. Y. 128; *Frahm* v. *Siegel-Cooper Co.*, 131 App. Div. 747, 749; *Hordern* v. *Salvation Army*, 124 id. 674; *Haigh* v. *Edelmeyer Elevator Co.*, 123 id. 376, 380; *Manigold* v. *Black River Traction Co.*, 81 id. 381; *Kelsey* v. *City of New York*, 123 id. 381.)

We find no distinction in the fact that casualty insurance is wholly voluntary and workmen's compensation insurance compulsory. In either case the matter is equally immaterial to the judicial inquiry in progress. Neither are we impressed by the fact that the employer or his servants, if sworn, might be deemed interested witnesses because of the provisions of the Workmen's Compensation Law. We deem such interest too remote to justify opening the gates to a flood of dangerous and illegitimate inferences and arguments to confuse the jury.

It should also be noted that the quoted statement to the jury in the present case was incorrect in fact inasmuch as the plaintiff was a marine worker and, therefore, not within the protection of the Workmen's Compensation Law. (*Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37.)

The judgment and order should be reversed, with costs, and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide event.