THOMAS ZIMBER, Appellant, *v.* MARTIN KRESS and Another, Respondents.

Fourth Department, December 18, 1928.

*Crandall Melvin* [*John C. Boland* and *Jerome K. Cheney* of counsel], for the appellant.

*Clarence R. King* [*Robert H. Woody* of counsel], for the respondents.

SEARS, J. In this action for personal injuries to the plaintiff riding as a passenger in an automobile driven by an agent of the defendants, the jury verdict was in favor of the defendants. We should not interfere with this verdict were it not for certain questions which were asked by the defendants' counsel in relation to the right of the plaintiff to obtain from his own employer, a corporation, the compensation provided by the Workmen's Compensation Law.

After it had appeared in the case that the plaintiff's employer, under the provisions of the Workmen's Compensation Law, had filed a notice of plaintiff's injury, and that the plaintiff had himself filed with the Department of Labor a notice of intention to sue third parties, the defendants' counsel asked the plaintiff on cross-examination this question: " Q. And you know that you still have a right to take your compensation insurance whether you succeed in this action or not, don't you? " This was objected to, the objection was overruled and an exception taken, and the plaintiff answered: " Perhaps I have; yes." The defendants' counsel continued: " And you know that if that were done, the Zurich Insurane Company would have to pay it, don't you? A. I suppose they would have to." The matter did not stop there. The defendants as a part of their case called a representative of the Zurich Insurance Company as a witness and defendants' counsel asked him among other things about the bill of a doctor who had treated the plaintiff as follows: " And if there is compensation claimed here finally under the Workmen's Compensation Law, you will have to pay Dr. Kelly's bill won't you — your company? " To this the witness answered in the affirmative. Further, the defendants' counsel asked the following questions to which the following answers were made by the witness: " Q. And if an award is made, you will have it up with the Compensation Commission — and your company will have to pay the doctor's bill, is that right? A. It all depends upon the circumstances. Q. Have you any doubt in this case if any award is made you will have to pay it? * * * A. It all depends on the outcome of this action. * * * Q. And if an award is made, your company has to pay it unless an appeal is taken, don't you? A. Yes, sir." Reference was made to the Workmen's Compensation Law in the charge of the court to the jury, and the jury were instructed as follows: " The Compensation Law says * * * a man being injured in the employ

of one concern and entitled to compensation from one concern is injured by somebody else while he is engaged in that employment (and that is what the situation was here) he can have — he then has his election. If he wants to sue the third person whose negligence injured him, he may do so, or he can claim his compensation under the statute on his own accord. But in that situation he can have but one compensation. He can have one or the other and that would be honest with the law, but the law straddles and says that in these cases when a man takes that compensation, if he doesn't get the full amount of his compensation under the statute he still can recover from his employer the amount of his statutory compensation, and that provision in the law, which to my mind is a very bad one, but it is the law and we have to recognize it; it puts it in the power of an injured person under such circumstances to speculate and say ' Here, I can get my compensation any way; now it gives me an opportunity to sue the third party and perhaps I can get more that way and I am sure to get compensation.' Well, now that is just the situation you have got in this case Gentlemen, and that is the situation that you must consider when you are weighing the testimony that there is in this case on the question of whether there was any negligence on the part of defendants." The court then continued to speak of witnesses' interest as bearing on credibility. The testimony which has been quoted and this charge tended to bring into the case matters extraneous to the issue. It was no subject for consideration of the jury that the plaintiff might, if he failed in the present action, secure certain compensation from his employer, or the insurance carrier. This was an ordinary negligence case, and the Workmen's Compensation Law had nothing to do with it. Whether or not a claim had been filed by the claimant was entirely immaterial as long as an award had not been made. (*Sifkowitz* v. *International R. Co.*, 249 N. Y. 565.) If an award had been made, the cause of action for the plaintiff's injuries would have been transferred to the person paying the award. It was open to the defendants to show that the plaintiff's physicians had been paid and that the plaintiff was no longer liable for the payment of their bills, or that payments had been made by or on behalf of his employer on account of wages lost by the plaintiff during his disability. (*Drinkwater* v. *Dinsmore*, 80 N. Y. 390.) But, the liability of the plaintiff's employer or its insurance carrier for a compensation award under the Workmen's Compensation Law was wholly immaterial. We deem this extraneous matter highly prejudicial. The situation is similar to that which was before the court in *Regan* v. *Frontier Elevator & Mill Co.*

(211 App. Div. 164) and in *Posnick* v. *Crystal* (181 id. 660), where the introduction of similar matters by the defendant was condemned and judgment reversed on that account.

The judgment and order should be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — CLARK, SEARS, CROUCH, TAYLOR and EDGCOMB, JJ.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event.