Louise Hamilton, as Administratrix, etc., of Harry Hamilton, Deceased, Appellant, v. Munson Steamship Line, Inc., Defendant, and Cork Insulation Company, Inc., Respondent.— Plaintiff appeals from a judgment in favor of defendant Cork Insulation Company, Inc., dismissing the complaint on the merits. The action was brought by plaintiff's intestate to recover damages for personal injuries claimed to have been suffered through the negligence of the defendants while plaintiff's intestate was employed as a boiler worker, by a corporation not a party to the action, in a hold of the steamship Southern Cross, owned and operated by defendant Munson Steamship Line, Inc. Plaintiff's intestate died after the rendition of the decision herein. The action was settled before trial as to the defendant steamship line. The theory upon which appellant seeks to recover is that respondent's use of a certain winch, prior to the date on which appellant's intestate was injured, contributed to the injury sustained. We are of opinion that appellant failed to prove any negligence on the part of respondent, even if we conclude that a certain written statement of one Anderson was properly admitted in evidence. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

Elise Helmeyer, Respondent, v. The City of New York, Appellant. Gladys Martin, Respondent, v. The City of New York, Appellant.— Two actions to recover damages for personal injuries sustained when the automobile of plaintiff Helmeyer struck an obstruction in the highway. Both plaintiffs had a verdict in the Trial Term, Richmond county, upon which separate judgments were entered. Judgment in each action reversed on the facts and in the interest of justice, and a new trial granted, costs to appellant to abide the event. In our opinion, the remarks of counsel for the plaintiffs in summation, which were objected to, were unwarranted and should not have been made, and in view of a large verdict were prejudicial. It constituted an error of fact which calls for reversal. (Regan v. Frontier Elevator & Mill Co., 211 App. Div. 164.) Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.