CLAUDE PERRY, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT AND JOHN MONATH, DEFENDANTS-RESPONDENTS.

Argued October 7, 1947—Decided January 15, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *John A. Laird* and *Fred Freeman.*

For the defendants-respondents, *James O. Boyd* and *Carl T. Freggens.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is from a judgment in the Essex County Court of Common Pleas following a jury verdict in favor of the defendants. The action was to re-

cover damages for personal injuries suffered by the plaintiff from a collision wherein a bus, operated by the defendant corporation and driven by the individual defendant, collided with a truck in which the plaintiff was seated. Plaintiff was employed as a helper on the truck which had been parked "double" by its driver and left temporarily while the latter was making a delivery. Plaintiff, according to his statement, was seated in and on the right side of the truck, the driver's seat being on the left. Plaintiff suffered several injuries, of which one was to the thumb of his left hand, injured, as he testified, when "the door caught my finger." It was the testimony of the defendant bus-driver that as the front of his bus went past the truck the door of the truck cab was closed and there was a clearance of two feet; that as the bus proceeded he heard a crash at the rear of his bus and, looking back, saw that the truck door was open and crushed. Upon such and other proof the defendant contended that the plaintiff was in the act of opening the door on the left or traffic side of the illegally parked truck and that, upon the postulate of such a happening, the plaintiff was guilty of contributory negligence.

Appellant counts, first, upon the admission of proof that plaintiff received compensation for his incapacity for work from his employer. That proof was admitted on the hypothesis that the man had extended his period of inactivity following the accident to an unnecessary length for the reason that he was being paid disability for the period he was unable to work. That was the reason stated when the evidence was admitted, and the status of that proof as thus circumscribed was clearly stated to the jury by the judge in the charge:

"I charge you that such consideration, if any, as you may give to the testimony of plaintiff that he received $600 by way of workmen's compensation should be limited strictly to the question of whether or not it had any bearing upon the plaintiff's disinclination, if there were any disinclination on his part, to resume his normal occupation when he might otherwise have taken up his customary line of work.

"In fixing the amount of wages lost by the plaintiff as a result of any negligence chargeable to the defendant in this

action, if you find upon consideration of all the testimony
that there was any loss of wages so chargeable to the defend-
ant, you cannot deduct from such amount the $600, or any
amount which the plaintiff may have received by way of work-
men's compensation."

We find no error in that ruling.

The second point title is that the court erred in permitting
in evidence the Newark city ordinance with respect to park-
ing. The argument thereunder is that whatever negligence
lay in the position in which the truck was left in the street
was chargeable to the driver and not to plaintiff. That argu-
ment, so far as it goes, is sound; but if, as defendant con-
tends, the plaintiff, aware of the unlawful position of the
truck and therefore of the increased hazard from passing
traffic, nevertheless still further narrowed the free way by
opening the cab door against a passing bus, plaintiff's con-
tributory negligence was sufficiently an issue to permit the
admission of traffic regulations bearing thereon. But the
judge's charge, assigned as error and argued under the point
although not included in the heading, was, we think, at fault.
The judge charged the jury that the violation of the duty
imposed by the ordinance was a fact and circumstance, to-
gether with all the other evidence in the case, which could
be considered in the determination of whether or not *the
defendant was negligent* or the plaintiff was chargeable with
contributory negligence. We think that an ordinance which
required the truck to be parked within a limited number of
feet from the curb was not a factor to be considered, under
the facts of the case, in determining negligence *vel non* on
the part of the defendant with regard to the plaintiff. Obvi-
ously the position of the truck was not chargeable to defend-
ants and could not establish negligence against them. The
reasonable meaning attributable to the charge was that the
ordinance might have a bearing in relieving the defendants
from responsibility for an act otherwise negligent; which, in
our opinion, is not the law. The bus-driver knew that the
truck was there, even if unlawfully there, and the duty to
plaintiff of careful driving with respect to it was upon him
and his co-defendant.

We conclude that the judge erred in that respect and that the judgment below be reversed to the end that a *venire de novo* issue.