VIRGINIO F. ORSINI, Respondent, *v.* EASTERN WINE CORPORATION, Appellant.

*Per Curiam.* Applying the rule of liberal construction to the amended complaint, we are of the opinion that enough is set forth to charge that the use of the name Orsini, together with the family crest and the princely crown, identifies the plaintiff in the public mind as the individual whose name is being used without his consent for trade purposes. If the plaintiff establishes that upon a trial he would be entitled to the remedy afforded by the " right of privacy statute ", section 51 of the Civil Rights Law.

The order should be affirmed, with $20 costs and disbursements, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

Peck, P. J., Dore, Van Voorhis and Shientag, JJ., concur; Callahan, J., dissents and votes to reverse and grant the motion to dismiss the complaint on the ground that it is insufficient in law.

Order affirmed, with $20 costs and disbursements, with leave to defendant to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. [190 Misc. 235.] [See *post*, p. 996.]

KATHARINE CIBINIAK et al., Appellants, *v.* FRANKLIN PROPERTIES, INC., Respondent.

*Per Curiam.* The complaint appears to have been dismissed at the end of the plaintiffs' case solely on the testimony of one of plaintiffs' witnesses who testified that he had not observed any defect in the ceiling between the time it was last repaired and the time of the accident. Any conflict in evidence that might have resulted by that testimony was a matter for the jury to resolve. (*Ochs* v. *Wood,* 221 N. Y. 335.) We find upon an examination of the record that sufficient evidence was adduced by the plaintiffs to establish a prima facie case and that the motion to dismiss the complaint should not have been granted.

Since a new trial is to be had it is well to point out that the trial court should not have permitted the defendant's counsel to question one of the plaintiffs as to the workmen's compensation payments she had received. (*Regan* v. *Frontier Elevator & Mill Co.,* 211 App. Div. 164.)

The judgment appealed from should therefore be reversed and a new trial ordered, with costs to the appellants to abide the event.

Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.