CATHERINE LUTHER, Appellant, v. DAVID JACOBS, Respondent.— Appeal by the plaintiff from a judgment of the Supreme Court, Schoharie County, entered November 12, 1952, dismissing the complaint upon a verdict of a jury of no cause of action; also appeal from an order denying the plaintiff's motion to set aside the verdict of the jury. The action is one for personal injuries alleged to have been caused by the negligence of an employee of the defendant (a building contractor) in leaving a coil of wire in an unlighted corridor of a school building, over which plaintiff tripped. The evidence presented a question of fact for the jury as to the defendant's negligence and the plaintiff's freedom from contributory negligence and we would not disturb the verdict of no cause of action except for the fact that the defendant's counsel, for an obviously ulterior purpose injected into the case the fact that the plaintiff's injury was covered by workmen's compensation insurance carried by the school district which employed her. Despite the fact that the plaintiff's physicians freely admitted on cross-examination all the statements in their workmen's compensa-

tion reports which were alleged to be in conflict with the opinions expressed in their direct testimony, the defendant's counsel insisted upon the reports themselves being received in evidence over the objection of the plaintiff's attorney and, again over the plaintiff's objection, the court ordered that the jury be allowed to take the reports with them into the jury room. The reports clearly indicated that the plaintiff's injuries were covered by workmen's compensation and that her employer carried workmen's compensation insurance with the Travelers Insurance Company. Furthermore, in his summation, the defendant's counsel referred to the fact that provision was made by " the school tax dollar — to take care of claims that this plaintiff had." In a case as closely balanced as this one, we cannot say that the injection of this extraneous issue was not prejudicial (*Regan* v. *Frontier Elevator & Mill Co.*, 211 App. Div. 164; *Zimber* v. *Kress*, 225 App. Div. 16; *Coutts* v. *Christopher*, 233 App. Div. 136; *Posnick* v. *Crystal*, 181 App. Div. 660; *Plough* v. *Baltimore & O. R. Co.*, 164 F. 2d 254, certiorari denied 333 U.S. 861). Judgment and order appealed from reversed on the law and the facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.