35 N.J. Super. 53 (1955)
113 A.2d 66
CARMIN LA ROCCA, PLAINTIFF-APPELLANT,
v.
RICHARD A. ENCH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1955.
Decided March 24, 1955.
*54 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Harry Chashin argued the cause for the appellant (Messrs. Marcus & Levy, attorneys; Messrs. Hyman W. Rosenthal and Max D. Forest, of counsel).
Mr. William T. McElroy argued the cause for the respondent (Messrs. Shaw, Hughes & Pindar, attorneys; Mr. Robert Shaw, of counsel).
The opinion of the court was delivered by FRANCIS, J.A.D.
In this negligence action the jury returned a verdict in favor of the defendant. The appeal *55 presents to us a number of alleged errors in the charge of the trial court to the jury.
Timber Structures, Inc., a manufacturer of roof trusses, had a contract to install two of them in a building in Paterson. Plaintiff was an employee of Timber and engaged in the work. The defendant, Richard A. Ench, was in the business of renting equipment and rented a crane and operator to Timber for use in putting the trusses in place. While the crane was being used for this purpose and as a result thereof, plaintiff received the injuries for which this action was brought.
One of the basic issues involved was whether the crane operator was defendant's employee or that of plaintiff's employer, Timber Structures, Inc. It was Ench's contention that the operator had come under the exclusive dominion and control of Timber, thereby acquiring the status pro hac vice of its employee, thus making the doctrine of respondeat superior inapplicable against Ench for the operator's negligence.
The first trial resulted in an involuntary dismissal of the action predicated upon a determination that under the facts proved it conclusively appeared that the crane operator was the employee of Timber Structures at the time of the accident. The Appellate Division reversed (Larocca v. American Chain & Cable Co., Inc., 23 N.J. Super. 195 (1952)) and the Supreme Court affirmed the reversal (13 N.J. 1 (1953)), both courts declaring that the issue of the operator's status as an employee of the defendant was a factual problem for jury determination.
On the retrial which produced this appeal, the appellate mandate was followed and the issue was submitted to the jury. One of the errors now charged is that the evidence showed conclusively that there had been no transfer of control over the crane operator to Timber and consequently the question of whose employee he was at the time of the accident should not have been given to the jury; they should have been told that he remained Ench's servant. However, *56 all parties concede and our examination of the portions of the testimony appearing in the appendix demonstrates that the facts proved on this subject were substantially the same as at the first trial. Under the circumstances we have no doubt that the trial court was correct in permitting the jury to decide the matter.
In the course of the charge, the jury was told:
"* * * This plaintiff, Carmin Larocca, worked for this Timber Structures, Inc. Now he is not suing Timber Structures. He was an employee of Timber Structures. He can't sue them in a court like this. His suit against them would be in another court, called The Compensation Court. We have no concern about that. This is what we call a common law action based upon negligence. * * *"
An objection was interposed on the ground that "the reference to the plaintiff's other remedy, if any, in Workmen's Compensation" introduced an irrelevant and "perhaps" prejudicial element into the case. And it is now argued that a reversal of the adverse jury verdict should be ordered because of the court's statement.
The former Court of Errors and Appeals declared that the existence of a remedy under the Workmen's Compensation Act has no relevancy in a third-party negligence action brought by a plaintiff-employee; and further that a trial court is correct in refusing to charge the jury that if they found for the defendant the verdict would not leave the plaintiff without remedy because that Act provided him with compensation. Gilbert v. Junior Trucking Corp., 104 N.J.L. 608 (1928).
In our view it is prejudicial to indicate to the jury that the plaintiff has or may have another remedy by way of workmen's compensation. This is particularly true in a case where there is a close factual issue as to whether the person whose negligent act caused the injury was an employee of the third person defendant or of the plaintiff's employer. In such a case a jury might very well be inclined to give less consideration to the resolution of the precise problem they *57 should decide if they felt that the plaintiff had other redress.
Injection of the element of a possible remedy for the plaintiff in workmen's compensation in actions like this by showing that his employer carries workmen's compensation insurance, or that he could sue for such compensation in the event of an adverse verdict, or that such benefits had been received, has been held to require a new trial. Posnick v. Crystal, 181 App. Div. 660, 168 N.Y.S. 868 (App. Div. 1918); Regan v. Frontier Elevator and Mill Co., 211 App. Div. 164, 208 N.Y.S. 239 (App. Div. 1924); Zimber v. Kress, 225 App. Div. 16, 232 N.Y.S. 46 (App. Div. 1928); Cibiniak v. Franklin Properties, 273 App. Div. 947, 78 N.Y.S.2d 53 (App. Div. 1948); Luther v. Jacobs, 282 App Div. 809, 122 N.Y.S.2d 518 (App. Div. 1953); Lengle v. North Lebanon Tp., 274 Pa. 51, 117 A. 403 (Sup. Ct. 1922); Christensen v. Bremer, 263 Mass. 129, 160 N.E. 410 (Sup. Jud. Ct. 1928); Plough v. Baltimore & O.R. Co., 164 F.2d 254 (2d Cir. 1947), certiorari denied, 333 U.S. 861, 68 S.Ct. 740, 92 L.Ed. 1140 (1948).
In Regan v. Frontier Elevator and Mill Co., supra, defense counsel was permitted to suggest through the examination of witnesses and his summation that if plaintiff was denied a verdict he would not be remediless because of workmen's compensation. Despite the absence of objection a reversal was ordered for manifest prejudice.
The same type proof was received in Zimber v. Kress, supra [225 App. Div. 16, 232 N.Y.S. 48], and the court in his charge discussed at length the nature of the employer's liability. The Appellate Division said that it deemed "this extraneous matter highly prejudicial." And in Posnick v. Crystal, supra, in a similar situation, the court said:
"The only possible purpose of introducing this evidence under the circumstances was to achieve the natural result of leading the jury to suspect or infer that plaintiff had been or could be compensated by merely making application under the Workmen's Compensation Act, and therefore his case should not be seriously regarded. This was distinctly harmful, and may well have accounted for the verdict." (168 N.Y.S., at page 869.)
*58 The Pennsylvania Supreme Court in Lengle v. North Lebanon Tp., supra, was called upon to deal with the propriety of the admission in a negligence death action of the receipt of workmen's compensation benefits by the plaintiff. The action was adjudged erroneous:
"Under such circumstances, plaintiff's chance of recovering anything was materially injured the moment the evidence was delivered. The court endeavored to correct its mistake in its charge, but the mischief was already done. Corrective instruction had little chance to get this idea out of the jurors' minds."
"The evidence was not competent, in any view of the case. While the Compensation Act (Pa. St. 1920, § 21916, et seq.) provides a certain means of relief to a person injured, or those surviving a decedent, which, from a legislative viewpoint, is ample, it cannot be regarded as representing total compensation, or that which the injured person or the decedent's dependents are entitled to receive from others than the employer causing the injury. * * *" (117 A., at page 404.)
The cases to which reference has been made deal largely with the matter of admission of evidence tending to show the possible or actual compensation remedy. Manifestly the motivation of the trial court here was different from that of counsel in those cases. His undertaking seems to have been to explain why LaRocca's employer was not being sued as well as Ench. Unfortunately the language employed plainly indicated the existence of a remedy against the employer in the "Compensation Court." Thus there was added a prejudicial onus which may well account for the verdict for the defendant.
It would have been proper, of course, for the court to emphasize to the jury that Ench was the sole defendant in the case, that the only question with which they were to concern themselves was his liability to the plaintiff and that such responsibility must be decided on the evidence as adduced at the trial. Cf. Vergano v. City of New York, 128 N.Y.S.2d 705, 709 (Sup. Ct. 1953). But the distracting and diversionary effect of the reference to a possible alternative redress in a case as closely contested as this one must be deemed prejudicial. Cf. Luther v. Jacobs, supra.
*59 The other grounds of appeal do not warrant interference with the verdict in favor of the defendant, but for the reason stated, the judgment is reversed and a new trial ordered.