## (April 11, 1962)

ANTONIO TRUILIZIO, Appellant, v. GEORGE PREDELLI et al., Respondents. APPEAL from a judgment of the Supreme Court, entered May 23, 1961 in Erie County, upon a verdict rendered at a Trial Term in favor of plaintiff.

Memorandum: The plaintiff requests reversal because of alleged errors, particularly in relation to certain veterans' hospital charges and bills. We find no errors that require reversal. Although there was some dissertation to the jury as to the admissibility of and recoverability upon the hospital bills, the Trial Justice correctly charged the jury in his final submission. The jury was permitted to find, in answer to a separate question, the actual amount of the hospital charges attributable to the injury in question. The answer to this question cannot be challenged on the weight of evidence. The jury very properly decided that certain of the hospital charges claimed by the plaintiff were not attributable to the accident but flowed naturally from the plaintiff's condition of extremely poor health before the accident. Plaintiff's claim of approximately $13,000 for hospital expenses resulting from his slight injuries was preposterous. Furthermore, it was the plaintiff's attorney, not defendant's, who introduced the assignment to the Veterans' Administration in evidence, and who read most of it to the jury. The court in many respects tried to protect the plaintiff's interests. The amount of the verdict was completely adequate for the slight injuries sustained.

BASTOW, J. (dissenting). In my opinion certain rulings of the trial court deprived appellant of a fair trial. He had been chronically ill for several years prior to the accident on June 8, 1959, and had been periodically in and out of a veterans' hospital since 1954.

The verdict of the jury herein has established that plaintiff sustained injuries through the negligence of defendant. About a month after the accident, and while still hospitalized, the appellant suffered a thrombosis of the middle artery of the brain. There was medical proof from which the jury could have found that the trauma of the accident was the proximate cause of the thrombosis. He was confined in a veterans' hospital from the time of the accident until the trial.

As part of his case plaintiff offered in evidence a bill from this hospital in an amount in excess of $13,000 covering the period from the accident to a date just prior to the trial. Following a bench conference the court made a long statement to the jury which set in motion a chain of events that, in my opinion, effectively destroyed the right of plaintiff to present his theory of causal connection between the accident and the thrombosis freed from extraneous, irrelevant and inadmissible evidence. The Trial Judge, among other things, told the jury that under certain circumstances a veteran is entitled to free hospitalization; that the respective attorneys were to present authorities as to whether or not plaintiff would owe money to the hospital; that whether or not he was going "to owe the hospital some money" would be determinative as to the province of the jury to consider the hospital bill. Thereupon the bill was received in evidence subject to a motion to strike.

Thereby the hand of the plaintiff was forced and to satisfy the stated requirement of the court that it must be satisfied that the bill was "a proper charge against the defendant" plaintiff offered, and there was received, an assignment from plaintiff to the Veterans' Administration. By the provisions thereof, the latter was to receive from any recovery by plaintiff an amount equal to the total hospital bill.

The court apparently never implemented its prior statement that it would determine (presumably as a matter of law) whether or not plaintiff "would owe money to the hospital". Instead, at the close of the evidence, the court announced its intention to submit special questions to the jury and addressed them at considerable length. Among other things the court stated: "I am not fully convinced as to the right of the hospital to collect the bill (of the Veterans' Administration) here but I nevertheless want this jury, if they determine that

there is a causal relationship between the happening of the accident and the thrombosis * * * to determine an amount which is reasonable and proper for the hospital bill."

The Code of Federal Regulations in 1959 (tit. 38, § 17.47) provided for eligibility for hospital treatment of veterans. The regulations then further provided (§ 17.48, subd. [d]) that persons hospitalized pursuant to certain provisions of section 17.47, who might be entitled to reimbursement for hospital care by reason of relationships with third parties, including those liable for damages by reason of negligence, would not be furnished treatment without charge to the extent of the amount for which third parties might be liable. The regulation further provided for the execution of an assignment to collect from the third party the cost of care and treatment to the extent of the amounts for which the third party might be liable.

The general principle has been recently stated in *Healy* v. *Rennert* (9 N Y 2d 202, 206) as follows: "In most jurisdictions the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute (13 A. L. R. 2d 355). In *Standard Oil Co.* v. *United States* (153 F. 2d 958, affd. 332 U. S. 301) it is stated that in the United States the prevailing rule seems to be that an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance *or gratuitously.*" (Emphasis supplied.) (See, also, Restatement, Torts, § 920, *Comment e.*)

In *Hudson* v. *Lazarus* (217 F. 2d 344) it appeared that plaintiff received free care in a veterans' hospital but there was no proof of an assignment to the latter. In holding that the award should have included the amount of such services furnished without charge it was said (p. 346) : "Usually the collateral contribution necessarily benefits either the injured person or the wrongdoer. Whether it is a gift or the product of a contract of employment or of insurance, the purposes of the parties to it are obviously better served and the interests of society are likely to be better served if the injured person is benefited than if the wrongdoer is benefited."

And in *Plank* v. *Summers* (203 Md. 552) it was held that the jury should have been allowed to consider and award plaintiffs, members of the United States Navy, the reasonable value of hospital and medical services rendered to them without charge by a Navy hospital. It was emphasized that such services were part of the compensation to them for services rendered.

It is submitted that hospital care to a veteran is not gratuitous. It is distinguishable from such services rendered without charge by a State-supported or other public charity. (Cf. Restatement, Torts, § 924, *Comment f.*) A study of the appropriate Federal Regulation (tit. 38, § 17.47) reveals that in those cases where the assignment provision is applicable a veteran must have a service-connected disability or be unable to defray the cost of hospitalization. It requires the citation of no authority to establish that such services are not "gratuitous", but are benefits conferred upon those who have served their country. Moreover, the applicable regulation, as heretofore stated, specifically provided that a veteran in a case such as this "will not be furnished hospital treatment without charge".

Such benefits are no more "gratuitous" than hospital expenses incurred by an injured workman and paid for by a third party under the provisions of the Workmen's Compensation Law. It has been repeatedly held that reference to benefits under that act in an action by a beneficiary thereunder against a

742

tort-feasor is a prejudicial reversible error. (*Swanson* v. *Evans Oil,* 12 A D 2d 875; *Regan* v. *Frontier Elevator & Mill Co.,* 211 App. Div. 164; *Posnick* v. *Crystal,* 181 App. Div. 660.) In the *Posnick* case (*supra,* pp. 661–662) the court said: " The only possible purpose of introducing this evidence under the circumstances was to achieve the natural result of leading the jury to suspect or infer that plaintiff had been or could be compensated by merely making application under the Workmen's Compensation Law and, therefore, his case should not be seriously regarded. This was distinctly harmful and may well have accounted for the verdict."

In my opinion the bill of the hospital should have been received in evidence without further ado. If the court, however, had doubts as to its admissibility the subject should not have been aired before the jury. Thereby plaintiff's right to a fair trial was hopelessly prejudiced. If there was found to be causal connection between the trauma and the thrombosis plaintiff had damage claims in addition to the hospital bill. But once the jury learned, as a result of the lengthy statements to them by the trial court, that plaintiff, who will be confined to a bed or wheelchair for the remainder of his life, would receive free treatment in the hospital, this fact may well have influenced their finding on causal connection. As was said in *Healy* v. *Rennert* (9 N Y 2d 202, 207, *supra*) : " Defendants contend that, since they were not found guilty of negligence, these collateral source issues were never a topic of the jury's deliberation, and hence their submission to the jury could not have been prejudicial. On this aspect of the case we agree with plaintiff's position that they may well have considered that plaintiff had sustained no damage, especially in view of the acceleration and increase in the amount of payments of plaintiff's pension, and may have decided the case on the basis that plaintiff was not harmed rather than on questions of negligence and contributory negligence."

The judgment should be reversed and a new trial granted.

Williams, P. J., McClusky and Henry JJ., concur in Memorandum; Bastow, J., dissents in opinion in which Goldman, J., concurs.

Judgment affirmed, without costs of this appeal to any party.