■   HOWARD WELDNER, Appellant, v. HARVEY WHITMAN et al., Respondents.— Motion for leave to appeal to the Court of Appeals upon certified questions denied.   (See *Miller* v. *Morse*, 10 A D 2d 598.)

## (February 28, 1963)

■   MARIO FERRUSI, Appellant, v. DIRECT WINTERS TRANSPORTATION, LTD., et al., Respondents.— Judgment unanimously reversed on the law and facts, with costs to the respondents against the appellant and a new trial granted. Memorandum:  The verdict is against the weight of the evidence.   Costs and disbursements are awarded against appellant because of his failure to comply with the provisions of rule V-a of the rules of this court, in that relevant portions of the testimony necessary for consideration of the questions involved were not included as an appendix to his printed brief.   (Appeal from judgment of Niagara Trial Term for defendant for no cause of action in an automobile negligence action.)   Present — Williams, P. J., Bastow, McClusky and Henry, JJ.

■   GEORGE SCHAEFER, Respondent, v. HARRY J. NOBLE, Appellant.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.   Memorandum:  We find the verdict to be against the weight of the evidence.   Plaintiff, while operating a truck, was involved in three accidents in January, 1957 in each of which his vehicle was struck in the rear by another automobile.   He also had been in an accident in 1955.   In each of the four accidents he claimed to have received injuries to his back.   The instant action centered upon the fourth accident of January 29, 1957.   Plaintiff called four doctors who had examined or treated him at various times.   The clinical findings and opinions of the doctors were confusing and conflicting.   One admitted that any one of the four accidents could have caused the degenerated disc.   Another testified that he first examined plaintiff after the four accidents and he " couldn't determine what effect any one of these accidents was playing in the overall picture."   Equally conflicting and confusing was the opinion evidence of three of the doctors as to what was shown by three X rays of plaintiff's spine — one taken after the first January, 1957 accident, the second in September, 1957 and the third in August, 1960.   In the light of this testimony it was highly improper and reversible error for plaintiff to inject into the trial the subject of benefits received by him under the Workmen's Compensation Law as a result of the accident of January 29, 1957.   An employee of the compensation carrier was permitted to testify over vigorous objections that some $7,000 had been paid to plaintiff " on the medical evidence that had been presented to [the carrier] ".   It has been repeatedly held that such proof may not be introduced by a defendant.   (*Swanson* v. *Evans Oil*, 12 A D 2d 875; *Zimber* v. *Kress*, 225 App. Div. 16; *Posnick* v. *Crystal*, 181 App. Div. 660.)   It was equally improper for the plaintiff herein to cast upon the scales the proof relating to compensation payments and particularly the *ipse dixit* of a claims investigator that such payments had been made on the medical evidence presented to the carrier.   The obvious purpose of introducing this proof was to achieve the result obtained by convincing the jury that plaintiff's serious back injury was caused wholly by the accident of January 29.   This was prejudicial to appellant and may well have accounted for the verdict of the jury.   (Appeal from judgment of Erie Trial Term for plaintiff in an automobile negligence action.   The orders denied motions for a new trial and for dismissal of the complaint.)   Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.