AVERY VAN SLYKE, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, May 11, 1964.

*Kernan & Kernan* (*John E. Hunt* of counsel), for appellant.

*McClung, Peters & Simon* (*Homer E. Peters* and *E. Stewart Jones* of counsel), for respondent.

*Per Curiam.* Plaintiff was employed by the defendant as its ticket agent at the railroad station in the Village of Fonda, New York. He testified that when he went to work on the morning of January 14, 1958 it was raining and freezing as it hit the ground and continued to be inclement at 11:30 A.M. when he went to the bank for change and on his return to the station

when he slipped and fell. The plaintiff claims that he slipped on the icy surface of the defendant's parking lot; the defendant contends that the fall was on an adjacent public sidewalk; neither location having been sanded or salted.

The plaintiff alleges that the defendant failed to furnish him with a safe place to work under the Federal statute. In his brief, the plaintiff contends that "the Railroad could have provided Van Slyke with ice creepers or other devices for walking upon the ice. It could have relieved him on the day in question from his duties to go to the Bank. It could have directed one or more of its section crew who were in the vicinity of the station to salt or sand the course Van Slyke had to take just before he undertook to walk to the Bank."

The defendant argues:

1. The railroad was not negligent.

2. The trial court erred in admitting an ordinance of the Village of Fonda as to requirements for the removal of ice and snow from public sidewalks.

3. It was error to allow in evidence and to charge on the issue of workmen's compensation.

4. The verdict was excessive.

The theory of negligence under the Federal statute is different from the common-law rule ordinarily applicable in the courts of this State. In *Rogers* v. *Missouri Pacific R. R. Co.* (352 U. S. 500, 506) the court said that the test is "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought". (See, also, *Bashan* v. *Pennsylvania R. R. Co.*, 372 U. S. 699 [1963].)

However, the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) was not intended to make the employer an insurer of its employees (see *Inman* v. *Baltimore & Ohio R. R. Co.*, 361 U. S. 138); nor was it intended as a workmen's compensation act. (*Simpson* v. *Texas & New Orleans R. R. Co.*, 297 F. 2d 660, 662.)

The record infers that the time and circumstances for going to the bank were within the discretion of the plaintiff. The slippery condition where the plaintiff fell was no more hazardous than the prevailing condition throughout the village. The railroad, like any other defendant, was required to exercise reasonable care. The suggestions, enumerated by the plaintiff, as to what it could have done to provide him with a safe place to work, are no predicates of negligence. Under similar circumstances, a property owner has been held free from liability

(e.g., *Schwabl* v. *St. Augustine's Church*, 288 N. Y. 554, 555; *Henkin* v. *City of New York*, 286 App. Div. 1027, affd. 1 N Y 2d 784; *Falina* v. *Hollis Diner*, 281 App. Div. 711, affd. 306 N. Y. 586).

The court charged the ordinance of the Village of Fonda and its application as follows: " 'It shall be the duty of the owner of every lot or piece of land in the village to keep the sidewalk adjoining said lot or piece of land free from snow, ice or other obstruction. It shall be the duty of such owner to remove new ice and fresh fallen snow before ten o'clock in the morning of each day and keep the same clean and removed at all times.' Now I will say to you ladies and gentlemen that the violation of an ordinance may be considered as evidence of negligence if it is the proximate cause of the happening of the accident or one of the proximate causes of the happening of the accident."

This charge was error. A violation of an ordinance may be considered, in some instances, evidence of negligence but standing alone, it is not sufficient to sustain a verdict. A violation of this type of ordinance does not per se give rise to a cause of action (e.g., *Moore* v. *Gadsden*, 93 N. Y. 12; *City of Rochester* v. *Campbell*, 123 N. Y. 405, 416–417; *Connolly* v. *Bursch*, 149 App. Div. 772, 774; *Herny* v. *Frankfort*, 252 App. Div. 538). The ordinance as charged could not be a predicate for a finding of negligence.

There is no showing here that failure to clean the sidewalk under the ordinance imposed a duty on the defendant for the benefit of the plaintiff. Ordinances of this type are regulatory and do not impose a duty on the abutting owner owing to individuals. So far as we can discern from this record, a violation of this particular ordinance did not charge liability to the violator or relieve the village of its duties and responsibilities. The defendant's duty was not governed by the terms of the ordinance as charged, but the duty was to exercise reasonable care under the prevailing conditions.

The remarks of counsel and the charge by the court with reference to workmen's compensation benefits were prejudicial to the rights of the defendant. The counsel for the plaintiff, in his examination of the jury, stated: " I have stated to the members of the jury that railroad employees, as such, if they are injured in the course of their employment and in the performance of their duties are not covered by any Workmen's Compensation as we people know it as such, and I'm sure as **you gentlemen** working know it as such." During his opening

to the jury, he stated: "He is not covered by Workmen's Compensation as you may be who work for these plants around here. This is his only course and recourse, and that statute says in essence that he is not deemed to assume the risk of his employment."

To further compound the error, counsel in his summation reiterated that plaintiff had no other recourse for recovery; inferred that he was about to lose his job with the defendant and made other improper remarks which the court admonished the jury to disregard. The court thereafter charged: "I also charge you that there is no federal Workmen's Compensation Act which allows compensation for either injury or death which occurs in the course of employment such as there is in our State of New York."

In this State the intentional introduction at a trial of reference to the Workmen's Compensation Law is prejudicial error. It is not related to the question of negligence, which is the issue on trial (e.g., *Luther* v. *Jacobs,* 282 App. Div. 809; *Smith* v. *Majestic Iron Works,* 2 N Y 2d 544; *Zimber* v. *Kress,* 225 App. Div. 16; *Regan* v. *Frontier Elevator & Mill Co.,* 211 App. Div. 164; *Posnick* v. *Crystal,* 181 App. Div. 660; *Plough* v. *Baltimore & Ohio R. R. Co.,* 164 F. 2d 254, cert. den. 333 U. S. 861; Anno. Reference to Workmen's Compensation, Ann. 77 ALR 2d 1154).

The verdict was excessive. An award of $60,000 (reduced to $45,000 because of plaintiff's contributory negligence) for a herniated disc back injury where, according to his bill of particulars, his lost time was approximately two weeks and his special damages $540.30, shocks the conscience of this court. It can only be justified on the basis of errors already enumerated.

While we are cognizant of the liberality in negligence actions under the Federal Employers' Liability Act, from our examination of this record there is a serious question as to negligence on the part of the defendant. The prevailing weather at the time of the fall created a dangerous condition and whether the failure by the defendant to sand or salt the place where the plaintiff fell constituted a lack of reasonable care at most is a narrow issue of negligence requiring a detailed charge by the court as to rights, duties and obligations of the parties. Whether such sanding or salting would have been effective, in view of the type of storm, further narrows the issue.

The judgment should be reversed on the law and the facts and a new trial granted.

GIBSON, P. J., HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial granted, with costs to abide the event.