MARINO NARDONE, Respondent, and LOUIS DE SANCTIS, Individually and Doing Business as ACME PLASTERING COMPANY, Proposed Intervenor-Appellant, *v.* MORRIS A. FIERBERG COMPANY, Defendant.

Third Department, November 21, 1972.

*Donohue, Bohl, Clayton & Komar* (*Myron Komar* of counsel), for proposed intervenor-appellant.

*Martin Brickman* for respondent.

*DeGraff, Foy, Conway & Holt-Harris* for defendant.

STALEY, JR., J. P. This is an appeal from an order of the Supreme Court at Special Term, entered January 28, 1972 in Albany County, which denied the proposed intervenor's application for intervention pursuant to CPLR 1012 and 1013.

On March 10, 1970 respondent Marino Nardone, a resident of the State of New York, was injured while working at a construction site in the State of Connecticut. At the time, he was in the employ of appellant and his injuries were allegedly caused by the negligence of Morris A. Fierberg Company, a Connecticut corporation.

In 1971 respondent commenced a personal injury action against Morris A. Fierberg Company in Supreme Court, Albany County. Jurisdiction was obtained by an attachment of a liability insurance policy issued to Morris A. Fierberg Company by an insurance carrier doing business in New York (*Seider* v. *Roth,* 17 N Y 2d 111). On August 18, 1971 appellant moved to intervene in the action pursuant to CPLR 1012 and 1013 alleging that, in compliance with the workmen's compensation laws of the State of Connecticut, there had been paid to respondent on a weekly basis from March 11, 1970 the sum of $90 per week relative to his lost wage claim, and also sums exceeding $600 for his medical bills, and that section 31–293 of the Connecticut General Statutes gives the appellant as the employer, an independent right of action against Morris A. Fierberg Company to recover such amounts paid, or which the employer is obligated to pay as compensation to respondent, its injured employee. This statute also provides that the employer may

join as a party plaintiff in an action brought by the employee against a third party, and provides for abatement of the employer's right of action upon its failure to join in such action after notification.

Special Term determined that CPLR 1012 permits an intervention as of right when a statute of this State confers such a right, and, there being no such statute, intervention could not be permitted under that section and, insofar as appellant sought permission to intervene under CPLR 1013, "it is the public policy of this state to exclude evidence showing that plaintiff has received workmen's compensation benefits from his employer, and permitting the carrier to intervene would violate that policy (*Smith* v. *Majestic Iron Works, Inc.*, 2 N Y 2d 544; *Zimber* v. *Kress*, 225 App. Div. 16)."

CPLR 1012 permits intervention "1. when a statute of the state confers an absolute right to intervene; or 2. when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment".

Although Special Term properly concluded that there was no statute of this State conferring an absolute right to intervene, CPLR 1012 is in the disjunctive and permits intervention where the person may be bound by the judgment or the representation of the person's interest may be inadequate. Respondent's right to commence the action is predicated upon Connecticut law, section 31–293 of the Connecticut General Statutes. This same statute provides for abatement of the employer's rights if the employer fails to join in an action brought by the injured employee against a third party. Certainly, under the Connecticut statute, appellant will be bound by the judgment. Intervention should be liberally allowed. (*Matter of Teleprompter Manhattan CATV Corp.* v. *State Bd. of Equalization & Assessment*, 34 A D 2d 1033.) CPLR 1012 authorizes intervention in this action by appellant. (Cf. *Matter of Petterson* v. *Daystrom Corp.*, 17 N Y 2d 32; *Heffernan* v. *Hertz Corp.*, 34 A D 2d 552; 2 Larson, Workmen's Compensation Law, § 74.41.)

The cases of *Smith* v. *Majestic Iron Works* (2 N Y 2d 544) and *Zimber* v. *Kress* (225 App. Div. 16) relied upon by Special Term relate to the introduction of prejudicial evidence by the cross-examination of plaintiffs in negligence actions for the purpose of showing that they had received compensation payments or were entitled to compensation payments, and that the manner in which the cross-examination was conducted constituted error too serious to be disregarded. They do not determine that the

public policy of the State precludes evidence of workmen's compensation payments. It is not against the public policy of the State for the employer or its carrier to be reimbursed when the injured employee brings an action against a third party. This is the exact intent of section 29 of the Workmen's Compensation Law.

The fact that the Connecticut statute provides a different method should not preclude the granting of relief in this State in an action involving the Connecticut statute, particularly where the statute requires the bringing of the action or the joinder to be by the employer and not by its insurance carrier.

Respondent's contention that appellant's right to recover for benefits paid and its right to a lien against the proceeds of the action are adequately provided for by section 29 is erroneous. That section relates only to benefits paid under the New York State Workmen's Compensation Law, and is of no avail to appellant.

The order should be reversed, on the law and the facts, and motion granted, without costs.

GREENBLOTT, SWEENEY, SIMONS and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and motion granted, without costs.