215 N.J. Super. 268 (1987)
521 A.2d 906
RAYMOND W. JOY AND ANGELIKA JOY, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
CARL WILLIAM BARGET, III, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 13, 1987.
Decided February 24, 1987.
*269 Before Judges ANTELL and D'ANNUNZIO.
*270 Gerald M. Compeau argued the cause for appellants (Nusbaum, Stein, Goldstein & Bronstein, attorneys; Gerald M. Compeaus, Jr., on the brief).
Brian R. O'Toole argued the cause for respondent (O'Donnell, McCord, Leslie & O'Toole, attorneys; Brian R. O'Toole on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.S.C., (temporarily assigned)
Plaintiff, Raymond W. Joy, was injured in an automobile collision while on duty as a Denville, N.J., policeman. Defendant is the operator of the car that struck plaintiff's police vehicle. Angelika Joy sues per quod. Liability was stipulated and the case was tried on damages. The jury awarded Raymond Joy $8,000 but awarded nothing to his wife. Plaintiffs' motion for a new trial was denied and they now appeal.
Plaintiffs' contention that the award was inadequate is without merit. There was conflicting medical testimony and the jury, in evaluating Mr. Joy's testimony regarding the nature and extent of his complaints, could have resolved the credibility issue against him. Evidence of the impact of Mr. Joy's alleged injuries on his wife was meager. The verdicts were not contrary to the weight of the evidence. Dolson v. Anastasia, 55 N.J. 2 (1969); Baxter v. Fairmount Food Co., 74 N.J. 588 (1977).
However, defense counsel's unwarranted interjection of workers' compensation into this case and the trial court's inadequate curative instruction on that issue compel us to reverse and remand for a new trial.
During cross examination of Dr. Tiger, plaintiff's treating physician, defense counsel asked the following question:
Q. Doctor, you wrote a letter to an Alice Swed, which is in your file, April 26, 1983. She's with the Workers' Compensation Department.
You wrote a letter pursuant to a letter she sent you? Is that true?
A. Correct.
*271 Questioning the doctor regarding a report written by him in connection with plaintiff's workers' compensation claim was appropriate. But only the content of the report was relevant. The fact that the addressee of the report was connected with workers' compensation was irrelevant and there was no lawful justification for defense counsel's reference to workers' compensation. We infer that defense counsel intentionally sought to impact plaintiff's standing with the jury by that irrelevant and prejudicial reference.
This court has recognized the prejudicial effect of a reference to workers' compensation. LaRocca v. Ench, 35 N.J. Super. 53 (App.Div. 1955).
In our view, it is prejudicial to indicate to the jury that the plaintiff has or may have another remedy by way of workmen's compensation. This is particularly true in a case where there is a close factual issue as to whether the person whose negligent act caused the injury was an employee of the third person defendant or of the plaintiff's employer. In such a case a jury might very well be inclined to give less consideration to the resolution of the precise problem they should decide if they felt that the plaintiff had other redress. [Id. at 56-57.]
In Clark v. Piccillo, 75 N.J. Super. 123 (App.Div. 1962), the court recognized that proof that the plaintiff was receiving workmens' compensation disability benefits had probative value to establish a reason for plaintiff's delayed return to his employment. Perry v. Public Service Coordinated Transport, 136 N.J.L. 398 (Sup.Ct. 1948). But the court in Clark disapproved Perry because the probative value of such evidence was slight and was "far outweighed by the potential prejudice to the plaintiff inherent in the exposure of such information to the jury", Clark v. Piccillo, supra, 75 N.J. Super. at 132. Nevertheless, the jury verdict for the defendant was affirmed because the court was satisfied that defense counsel asked the question in good faith reliance on established precedent and because the trial judge adequately instructed the jury to disregard the reference to workers' compensation.
In this case, the trial judge also instructed the jury to disregard the matter of workers' compensation. The trial judge told the jury:

*272 Now, there arose in this case, as I recall it, upon the cross examination of a witness the term of `Workers' Compensation' and I charge you that any term or matter of Workers' Compensation should not be a part of your consideration in this case.
I charge you that you must not, under your oath as a juror, speculate or guess or even consider what the term of this matter may or may not mean. This is a court of law. You must, as you undertook to do, as you took your oath to sit as a juror in this case, decide this case on the evidence in this case, the testimony, the exhibits in evidence, and under the law as I charge it to you.
The trial judge refused to instruct the jury, pursuant to plaintiffs request, that Mr. Joy would not achieve a double recovery and that the damages awarded, if any, must be the total damages necessary to compensate plaintiff for his pain, suffering and disability.
Although the trial judge instructed the jury to disregard the reference to workers' compensation, the instruction did not confront the prejudice inherent in that reference. The suggestion that plaintiff had another remedy may have deflected the jury from appropriate consideration of the issues before it. LaRocca v. Ench, supra. The jury may have speculated that Mr. Joy had been adequately compensated through workers' compensation and that he was overreaching. Whenever a plaintiff's entitlement to workers' compensation is inappropriately brought to the attention of a jury in a personal injury action it is inadequate for the trial court merely to instruct the jury to disregard the reference. The trial court should confront the problem directly and eliminate the inherent prejudice by explaining to the jury in general terms that the object of a damages verdict is to make the plaintiff whole, that frequently the remedy of workers' compensation does not make a plaintiff whole, that there are mechanisms in workers' compensation law and in tort law which will be utilized by the court to prevent any double recovery and that it is the jury's obligation to evaluate the evidence and, if money is awarded, the amount must be sufficient to adequately compensate plaintiff for all the damages and injuries sustained without regard to speculation about what, if anything, the plaintiff received through workers' compensation. But cf. Clark v. Piccillo, supra.
*273 Because the trial court's instructions were inadequate to confront the inherent prejudice and because defense counsel's intentional reference to workers' compensation served no legitimate purpose, the judgment is reversed and the matter is remanded for a new trial.